Weygandt, C. J.
 

 The action in the Court of Pro
 
 *418
 
 bate was one in wbicb the petitioner sought the construction of a will. No record was taken at the hearing. After the appeal had been perfected from the Court of Probate to the Court of Common Pleas under the provisions of Section 10501-56, General Code, the latter court was asked to dismiss the appeal upon the ground that these provisions authorizing such an appeal are unconstitutional and that therefore that court is without jurisdiction to entertain the appeal. The Court of Common Pleas overruled the motion to dismiss the appeal. Thereupon the instant new action was instituted in the Court of Appeals for a writ of prohibition to prevent the judges of the Court of Common Pleas from entertaining the appeal. The Court of Appeals held the questioned provisions of Section 10501-56 unconstitutional and allowed the writ. Was this erroneous?
 

 The two sentences under attack read as follows:
 

 “If, for any reason, a record has not been taken at the hearing of any matter before the Probate Court so that a bill of exceptions or a complete record may be prepared as provided by law in Courts of Common Pleas, then an appeal on questions of law and fact may be taken to the Court of Common Pleas by a person against whom it is made, or whom it affects, from any order, decision, or judgment of the Probate Court in the manner provided by law for the prosecution of such appeal from the Court of Common Pleas to the Court of Appeals. The Court of Common Pleas shall advance said matter for hearing.”
 

 The first question requiring consideration is the respondents’ contention that the circumstances of this case are not such as to permit recourse to the extraordinary remedy of prohibition instead of the usual process of appeal.
 

 The relators place reliance upon the decision in the case of
 
 State, ex rel. Talaba,
 
 v.
 
 Moreland, Judge,
 
 132 Ohio St., 71, 5 N. E. (2d), 159, in which this court en
 
 *419
 
 tertained an action in prohibition against the judge of the Municipal Court of Alliance, Ohio. Although this court denied the writ, the remedy of prohibition was held to be a proper means of adjudicating the relator’s claim that the Municipal Court was utterly without color of jurisdiction to consider the matter. In the instant case it is conceded that the above-quoted provisions of Section 10501-56, General Code, if constitutionally valid, clearly empower the Court of Common Pleas to entertain an appeal from the Court of Probate when a record has not been taken. The
 
 Moreland case, supra,
 
 involved a statute limiting the civil jurisdiction of that court to claims not in excess of $1,000. A plaintiff had sued for a slightly smaller principal but had asked interest which made a total in excess of the statutory maximum. The Municipal Court concededly was without color of jurisdiction to render judgment for the total claim. However, an amended petition was subsequently filed asking for a judgment not to exceed $1,000, and expressly remitting everything above that amount. Hence the question presented was whether the abandonment of the original petition and the filing of the amended petition for the lesser amount brought the matter within the jurisdiction of that court.
 

 In the instant controversy the relators did not seek a writ of prohibition as soon as the appeal had been perfected from the Court of Probate to the Court of Common Pleas. Instead they pursued the usual and proper course of filing a motion asking the latter tribunal to determine its own jurisdiction of the subject-matter. This it did by following the plain provisions of Section 10501-56. The relators insist that this was error, but instead of testing the correctness of the ruling by the usual process of review by appeal, they have resorted to the extraordinary remedy of prohibition as a substitute to accomplish the same purpose. The general rule that this is not permissible was re
 
 *420
 
 cently restated to this court in the case of
 
 Shafer
 
 v.
 
 Common Pleas Court,
 
 137 Ohio St., 429, 30 N. E. (2d), 811. Furthermore, in the first paragraph of the syllabus in that case this court held that a “writ of prohibition will not be issued unless it clearly appears that the court or tribunal whose action is sought to be prohibited has no jurisdiction of the cause which it is attempting to adjudicate, or is about to exceed its jurisdiction. ’ ’
 

 The respondents rely upon the syllabus in the case of
 
 State, ex rel. Cleveland Telephone Co.,
 
 v.
 
 Common Pleas Court,
 
 98 Ohio St., 164, 120 N. E., 335, holding that a “writ will not be issued, prohibiting the Court of Common Pleas from determining its own jurisdiction, where jurisdiction of the subject-matter of the action has been conferred upon that court by the laws of this state. ’ ’ This pronouncement has not been overruled or modified.
 

 The foregoing views make it unnecessary and improper to consider the remaining questions which the Court of Appeals was without authority to decide, since an appeal rather than a writ of prohibition is the proper remedy.
 

 The judgment of the Court of Appeals allowing a writ of prohibition must be reversed and final judgment entered for respondents.
 

 Judgment reversed.
 

 Turner, Williams, Hart, Zimmerman and Bettman, JJ., concur.
 

 Matthias, J., not participating.