**REISS et, Plaintiffs, v. MUNICIPAL COURT OF COLUMBUS et, Defendants.**

Ohio Appeals, Second District, Franklin County.

No. 5507.   Decided June 4, 1956.

Emile Reiss, Columbus, for plaintiffs.
Chalmers P. Wylie, City Atty., J. Russell Leach, Chief Counsel, Columbus, for defendants.

## OPINION

By THE COURT.

This is an application for an order staying all proceedings in the Municipal Court of Columbus, Ohio, in the following causes pending therein, to wit:

City of Columbus v. Emile Reiss, No. 14,350; and City of Columbus v. Margaret Reiss, No. 14349.

It appears that in these cases the plaintiffs are charged with violating certain traffic ordinances of the City of Columbus.  A petition for a writ of prohibition filed in this Court alleges:

1. That the plaintiffs are not guilty of the alleged violation.

2. That the ordinance involved in said prosecution is unlawful.

3. That the legislation creating the Municipal Court of Columbus is unconstitutional and therefore the defendants have no jurisdiction to hear and determine said cases.

4. That affidavits of prejudice are pending in the Common Pleas Court against all of the Judges of said Municipal Court.

5. That certain Judges of said Court are not qualified electors of the City of Columbus and therefore are not legally qualified to hold office.

6. That a jury will not be impaneled in accordance with law.

7. That if required to go to trial before any of said Judges the plaintiffs will be denied certain privileges accorded to them by the Constitution of the United States.

While we are not passing upon the merits of the plaintiffs' cause of action at this time, we are of the opinion that a temporary writ should not issue.  Prohibition is a high prerogative writ which should be issued with great caution in the furtherance of justice and only when there is

no other regular and adequate remedy by appeal or otherwise. **State, ex rel. Brickell v. Roach, 122 Oh St 117; State, ex rel. Carmody v. Justice, 114 Oh St 94; State, ex rel. Nolan v. Clendening, 93 Oh St 264; State, ex rel. Moss v. Clair, 148 Oh St 642.**

Other remedies appear to be available to these plaintiffs; hence the temporary writ will be denied.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.

No. 5507.    Decided June 25, 1956.

Emile Reiss, Columbus, for plaintiffs.

Chalmers P. Wylie, City Atty., Russell Leach, Chief Counsel, John C. Young, Senior Asst. City Atty., Columbus, for defendants.

## OPINION

By THE COURT.

The respondents have demurred to the petition for the reason that the same does not state a good cause of action. On June 4th this Court filed its opinion denying the relators a temporary writ on the ground that other remedies are available which appear to be adequate.  We are still of the same opinion. In **State, ex rel. Focke v. Price, 165 Oh St 341,** the relator was seeking his release from prison on a writ of habeas corpus upon the ground that the arrest was made in violation of his constitutional rights which entitle him to due process of law and to be secure from unreasonable search without probable cause.  The relator was being detained upon the warrant of arrest and there had been no trial or conviction.  The Court held that the appellant had an adequate remedy by way of appeal.  Although this cause of action is different from the cited case, the same legal principle appears to be applicable.

The constitutionality of the statute creating the Municipal Court

appears to be the only question raised by the petition upon which there can be any doubt as to the propriety of the remedy sought. In 32 **O. Jur. 576,** the general rule relating to constitutional questions arising in prohibition cases is stated as follows:

"Where the validity of a statute or ordinance is involved, the general rule obtains that a writ of prohibition will not be granted in advance of the trial or determination in the inferior court where the question is presented, when a plain remedy by appeal is afforded, though it may be that the higher court will, when the question is presented to it, determine that the statute or ordinance is invalid."

Relators here clearly have the right of an appeal in case of an adverse ruling by the Municipal Court. At page 575, supra, it is said:

"It is a well-recognized principle that wherever a statute provides a specific remedy fully adequate to correct the grievances complained of, the writ of prohibition will not issue."

The writ of prohibition is a high prerogative writ that should be issued only in cases of extreme necessity because of the absence or inadequacy of other remedies and then only when the right thereto is clear. It should never issue in a doubtful case. Page 566, supra.

The demurrer will be sustained and judgment rendered in favor of the respondents for costs.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.