THE STATE, EX REL. LESHER, APPELLANT, *v.*
KAINRAD, JUDGE, ET AL., APPELLEES.
THE STATE, EX REL. LESHER, APPELLANT, *v.*
JAMERSON, SHERIFF, APPELLEE.

[Cite as State, ex rel. Lesher, v. Kainrad (1981),
65 Ohio St. 2d   68.]

(No. 80-1127—Decided March 25, 1981.)

*Mr. Sanford J. Berger* and *Mr. Robert M. Fertel,* for appellant.

*Mr. John J. Plough,* prosecuting attorney, and *Mr. Louis R. Myers,* for appellees.

*Per Curiam.* Appellant's several propositions of law raised in this appeal can be grouped into two categories: (1) the validity of the divorce decree of July 19, 1977, due to the alleged failure to comply with Civ. R. 53, and (2) the validity of the findings that appellant was in contempt of court orders, due to alleged irregularities.

## I.

Referee Meal was appointed by Judge Kainrad pursuant to Civ. R. 53, which reads, in part: "(C)***[T]he referee has and shall exercise the power to regulate all proceedings in every hearing before him as if by the court and to do all acts and take all measures necessary or proper for the efficient performance of his duties***."

Civ. R. 53 requires a referee to perform certain mandatory duties, as follows:

"(E)(1) The referee *shall* prepare a report upon the matters submitted to him by the order of reference. He *shall* file the report with the clerk of court and *shall* mail a copy to the parties. In an action on the merits of an issue to be tried without a jury, he *shall* file with his report a transcript of the proceedings and of the evidence only if the court so directs.

"(2) A party may, within fourteen days of the filing of the report, serve and file written objections to the referee's report. Such objections shall be considered a motion. Objections shall be specific and state with particularity the grounds therefor. Upon consideration of the objections the court may: adopt, reject or modify the report; hear additional evidence; return the report to the referee with instructions; or hear the matter itself.

"***

"(5) The report of a referee shall be effective and binding only when approved and entered as a matter of record by the court." (Emphasis added.)

After the July 19, 1977, hearing, Referee Meal did not prepare a report as required by Civ. R. 53(E)(1). Appellant, therefore, was never given the opportunity to file objections, as is his right under Civ. R. 53(E)(2). Apparently, on the same day of the hearing, Referee Meal prepared a judgment entry, signed it, and had Judge Kainrad sign it with the following notation: "The Court upon review finds the Referee's recom-

mendations fair and equitable and hereby adopts same as an order of this Court."

Appellant contends that since Civ. R. 53 was not complied with, the order of July 19, 1977, and all subsequent orders arising out of the divorce are void. We stated in *Romito* v. *Maxwell* (1967), 10 Ohio St. 2d 266, 267: "The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity."

In order to avoid finding many alleged divorces complete nullities, we hold that the failure of the appellees to comply with Civ. R. 53 renders the resulting judgment *voidable*, and not void. See *Eisenberg* v. *Peyton* (1978), 56 Ohio App. 2d 144. Thus, if appellant would have pursued the appropriate remedies, the alleged divorce could have been voided. However, since we hold that the July 19, 1977, judgment was voidable, appellant's failure to pursue his appropriate remedies in a timely fashion acts as an estoppel to a remedy at this late date.

## II.

Appellant appealed the finding of contempt to the Court of Appeals. That appeal was subsequently dismissed for lack of a final appealable order. Appellant need only have such an order entered by the trial court to comport with the requirements of Civ. R. 58. When that is accomplished, appellant can pursue the normal remedies. See, generally, *In re Smith* (1977), 50 Ohio St. 2d 192.

Since an adequate remedy exists for appellant, the action in habeas corpus was properly dismissed by the Court of Appeals. See *In re Calhoun* (1976), 47 Ohio St. 2d 15.

For the foregoing reasons, the judgments of the Court of Appeals are affirmed.

*Judgments affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, STEPHENSON, LOCHER, HOLMES and C. BROWN, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sitting for SWEENEY, J.