JOURNAL ENTRY AND OPINION
On April 16, 1999, the relator, Willis Wright, commenced this prohibition action against the respondent, Judge Burt Griffin, to compel the judge to vacate Mr. Wright's conviction and sentence for aggravated murder in the underlying case, State of Ohio v.Willis Wright, Cuyahoga County Common Pleas Court Case No. CR-245334. Mr. Wright contends that the judge lacked jurisdiction under R.C. 2945.06, and thus his conviction and sentence are voidab initio. On May 13, 1999, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds that R.C. 2945.06 did not apply when Mr. Wright chose to plead guilty. On June 1, 1999, Mr. Wright filed a brief in opposition to the judge's dispositive motion. For the following reasons, this court grants the motion for summary judgment and denies the writ of prohibition.
In the underlying case in October 1989, the Grand Jury indicted Mr. Wright as follows: Count One for the aggravated murder of Alcee McCray pursuant to R.C. 2903.01(A) (purposely with prior calculation and design) with specifications for firearm, mass murder and felony murder — one specification for committing kidnapping and another for committing aggravated robbery; Count Two for the aggravated murder of Alcee McCray pursuant to R.C.2903.01(B) (felony murder) with the same specifications as Count One; Count Three for the attempted murder of John Perry with firearm and peace officer specifications; Count Four for the kidnapping of Alcee McCray with a firearm specification and Count Five for aggravated robbery with a firearm specification. In March 1990 these charges proceeded to a jury trial.
During trial Mr. Wright and the state reached a plea agreement. The state nolled Counts One, Four and Five and amended Count Three by deleting the peace officer specification. Mr. Wright then pleaded guilty to aggravated murder with felony murder and firearm specifications as charged in Count Two and to attempted murder with a firearm specification as charged in Count Three. The respondent judge, by himself, accepted the plea and sentenced Mr. Wright to three years for the firearm specification consecutive to thirty years to life for aggravated murder consecutive to seven to twenty-five years for attempted murder. Mr. Wright never appealed.
Mr. Wright argues that the trial judge's actions are void for lack of jurisdiction, because he did not comply with R.C.2945.06, Jurisdiction of judge when jury trial is waived; three-judge court. This statute allows a defendant to waive his right to a jury trial and choose to be tried by a judge; generally any judge of the court in which the case is pending may then proceed with the case. However, the statute requires special safeguards in capital cases. It provides in pertinent part as follows:
 In any case in which a defendant waives his right to trial by jury and elects to be tried by the court under section 2945.05 of the Revised Code, any judge of the court in which the cause is pending shall proceed to hear, try, and determine the cause in accordance with the rules and in like manner as if the cause were being tried before a jury. If the accused is charged with an offense punishable by death, he shall be tried by a court to be composed of three judges, consisting of the judge presiding at the time in the trial of criminal cases and two other judges to be designated by the presiding judge or chief justice of that court, * * *. The judges or a majority of them may decide all questions of fact and law arising upon the trial; however the accused shall not be found guilty or not guilty of any offense unless the judges unanimously find the accused guilty or not guilty. If the accused pleads guilty of aggravated murder, a court composed of three judges shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly. The court shall follow the procedures contained in sections 2929.03 and 2929.04 of the Revised Code in all cases in which the accused is charged with an offense punishable by death.
Mr. Wright reasons that because he was charged with a capital case and pleaded guilty to aggravated murder, a three-judge panel was necessary to accept his guilty plea and sentence him. InGoodin v. State (1865), 16 Ohio St. 345, 346, the supreme court ruled: "It is well settled that whatever is prescribed by the constitution and laws of the state to be done in prosecutions for crimes, is essential to the jurisdiction and power of the court to convict * * *." He also relies extensively upon State v.Taylor, (1972), 30 Ohio App.2d 252, 285 N.E.2d 89, in which this court noted R.C. 2945.06's protection for an accused that his guilty plea for first decree murder be in accordance with the law and the facts. Thus, Mr. Wright concludes that because a three-judge panel was not assembled for his guilty plea to aggravated murder, the trial court was unambiguously without jurisdiction, and prohibition will lie to prevent the further enforcement of the conviction and sentence.
The respondent argues that R.C. 2945.06 was not applicable to Mr. Wright's guilty plea because the first condition of the statute is that the defendant waive his right to a jury trial. Mr. Wright did not waive that right; instead he pleaded guilty during the second day of a jury trial. The respondent also asserts that when Mr. Wright pleaded guilty, he was no longer facing the death penalty. Mr. Wright implicitly admits this point in his June 1, 1999 brief. He concedes that R.C. 2945.06 applies to capital cases, but characterizes this portion of the respondent's argument as "not pertinent" to his claim of prohibition. Rather, he focuses on the statute's language — "If an accused plead guilty of aggravated murder, a court composed of three judges shall examine the witnesses, and determine whether the accused is guilty of aggravated murder, or any other offense and pronounce sentence accordingly * * *" — as if that were a separate requirement apart from capital cases.
The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160,540 N.E.2d 239. Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. State ex rel. Lesher v. Kainrad (1981), 65 Ohio St.2d 68,417 N.E.2d 1382, certiorari denied (1981),454 U.S. 845; Cf. State ex rel. Sibarco Corp. v. City of Berea (1966),7 Ohio St.2d 85, 218 N.E.2d 428, certiorari denied (1967),386 U.S. 957. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction.State ex rel. Ellis v. McCabe (1941), 138 Ohio St. 417,35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction. State ex rel. Sparto v. Juvenile Courtof Darke County (1950), 153 Ohio St. 64, 65, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Courtof Common Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 273; Reiss v.Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447.
Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel. Tilford v. Crush (1988), 39 Ohio St.3d 174,529 N.E.2d 1245; State ex rel. Csank v. Jaffe (1995),107 Ohio App.3d 387. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown Local SchoolDistrict Board of Education v. Portage County Court of CommonPleas (1997), 78 Ohio St.3d 489, 678 N.E.2d 1365; State ex rel.Bradford v. Trumbull County Court (1992), 64 Ohio St.3d 502,597 N.E.2d 116. Moreover, the court has discretion in issuing the writ of prohibition. State ex rel. Gilligan v. Hoddinott (1973),36 Ohio St.2d 127, 304 N.E.2d 382.
The court denies Mr. Wright's application for a writ of prohibition because it is doubtful that the statute applies in the instant case, because even if the statute applied the failure to assemble a three-judge panel would not deprive the court of subject matter jurisdiction and because appeal is an adequate and the proper remedy in this case.
It is doubtful that the statute applies in this case. R.C.2945.06 is dependent upon the defendant waiving his right to a jury trial. That did not happen. A jury was empaneled and hearing the case, when Mr. Wright pleaded guilty. Pursuant to the sentencing journal entry, the trial judge dismissed the jury only after Mr. Wright had pleaded guilty and was sentenced. Because it is not certain that R.C. 2945.06 applies unless a jury is waived and because the writ should not issue in doubtful cases, this court declines to issue the writ in this case.
Moreover, both parties apparently agree that Mr. Wright was no longer facing the death penalty when he pleaded guilty. The statute does not apply in non-capital cases. Despite Mr. Wright's parsing of the statute, R.C. 2945.06's scheme is to provide the protection of a three-judge panel in capital cases. In Ullman v.Seiter (1985), 18 Ohio St.3d 59, 60 479 N.E.2d 875, the Supreme Court of Ohio addressed this issue of whether a charge of aggravated murder without capital specifications must be tried by a three-judge panel under R.C. 2945.06. The supreme court ruled because R.C. 2929.03 and 2929.04 require an aggravating specification as a predicate to the death penalty, when no such specification is present, the defendant is not eligible under R.C. 2945.06 for trial by a three-judge panel. In State v. Green
(1998), 81 Ohio St.3d 100, the supreme court again linked the statute's protections to a capital case. See, also, State ex rel.Toriano Henry v. Judge Richard McMonagle (June 3, 1999), Cuyahoga App. No. 75464, unreported.
Additionally, assuming arguendo, that Mr. Wright's case remained a capital case after amending the indictment or that R.C. 2945.06 otherwise applied, the failure to follow the statute did not deprive the respondent of subject matter jurisdiction so as to warrant a writ of prohibition. The Ninth District Court of Appeals examined this issue in State v. Swiger (1998), 125 Ohio App.3d 456. The Grand Jury indicted Michael Swiger on two counts of aggravated murder with capital and firearm specifications and one count of kidnapping with a firearm specification. He waived his right to a jury trial and a trial by a three-judge panel. The trial judge found him guilty of involuntary manslaughter and kidnapping. Mr. Swiger later collaterally attacked the convictions on the grounds that they were void ab initio because the failure to follow R.C. 2945.06 deprived the trial judge of subject matter jurisdiction. Lack of subject matter jurisdiction renders a judgment void and open to collateral attack.
The court of appeals rejected this argument by reasoning as follows: Although courts have ruled that the failure to abide by R.C. 2945.06 and similar statutes, e.g., waiver of jury, are "jurisdictional" defects, there are different types of jurisdiction: personal jurisdiction, subject matter jurisdiction, territorial jurisdiction and jurisdiction of the particular case. Subject matter jurisdiction defines the power of the court over classes of cases it may or may not hear. The power to declare a judgment void for lack of subject matter jurisdiction is a function of whether or not the subject case falls within the class of cases over which the court has subject matter jurisdiction. Pursuant to R.C. 2931.03 the court of common pleas has subject matter jurisdiction of criminal cases. Thus, the trial judge had subject matter jurisdiction over aggravated murder cases.
Citing Indiana, Virginia and Michigan cases; Russell v. Russell
(Ind.App. 1996), 666 N.E.2d 943, vacated on other grounds (Ind. 1997), 682 N.E.2d 513; Morrison v. Bestler (1990), 239 Va. 166,387 S.E.2d 753; and In the Matter of Waite, (1991), 188 Mich. App. 189.468 N.W.2d 912; the Ninth District then recognized another type of jurisdiction, jurisdiction of the particular case. This type of jurisdiction encompasses compliance with statutory requirements. But unlike subject matter jurisdiction, defects in jurisdiction of the particular case render the judgment merely voidable, not void.
The Ninth District reasoned that the Supreme Court of Ohio implicitly recognized this type of jurisdiction in the closely related jury waiver issue.[1] In those cases the supreme court held that the failure to properly execute and file a jury waiver deprived the trial court of jurisdiction. However, the court also held that such jurisdictional defects did not render the judgment void ab initio, which would be the case if subject matter jurisdiction were involved, but rather such judgments were voidable only upon direct appeal. Thus, the supreme court had to be invoking some other type of jurisdiction other than subject matter jurisdiction. The Ninth District concluded "that, if the trial court acted beyond its statutory authority by trying defendant before a single judge rather than a three-judge panel, any error did not deprive the trial court of subject matter jurisdiction. Defendant's conviction may have been voidable, but it was not void for lack of subject matter jurisdiction. Any challenge to the propriety of defendant's waiver of the three-judge panel could have been raised on direct appeal, * * *."125 Ohio App.3d at 465. This analysis applies completely to the instant case.
Finally, because it is not clear that the conditions for R.C.2945.06 were fulfilled and because the failure to abide by R.C.2945.06 does not affect the subject matter jurisdiction of the respondent to hear aggravated murder cases, the respondent was not ambiguously and patently without jurisdiction to accept Mr. Wright's guilty plea and to sentence him. Thus, appeal is or was an adequate remedy at law. Furthermore, this case highlights the propriety of appeal as the proper remedy to decide such issues on a full record. A full record on appeal would allow the court to examine fully the issues of prejudice, harmless error, waiver, and whether the conditions for the applicability of R.C. 2945.06
were fulfilled.
Accordingly, the respondent's motion for summary judgment is granted and the application for a writ of prohibition is denied. Costs assessed against relator.
ANN DYKE, J., CONCURS.
 _________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE
[1] State v. Tate (1979), 59 Ohio St.2d 50, 391 N.E.2d 738;State ex rel. Jackson v. Dallman (1994), 70 Ohio St.3d 261,638 N.E.2d 563; State ex rel. Larkins v. Baker (1995), 73 Ohio St.3d 658,653 N.E.2d 701; and State v. Pless (1996), 74 Ohio St.3d 333,658 N.E.2d 766.