PETITION FOR WRIT OF PROHIBITION MANDAMUS
Relators aver that they are defendants in Mixon-Jordan v.Jordan, Cuyahoga County Court of Common Pleas Case No. CV-307622. Attached to the complaint are journal entries from Mixon-Jordan V. Jordan, Cuyahoga County Court of Common Pleas Case No. CV-287807, Amended Complaint, Exh. A [dismissal by the court without prejudice for want of prosecution under Civ.R. 41 (B) (1)], and Mixon-Jordan v. Jordan,
Cuyahoga County Court of Common Pleas Case No. CV-299736, Amended Complaint, Exh. B. [dismissal by the court without prejudice under Civ.R. 41 (A) (2)]. Relators also aver that the court of common pleas had granted the defendants' motion to dismiss Case No. CV-307622 with prejudice but later granted the plaintiffs' motion for relief from that judgment the day after the motion was filed. Amended Complaint, par. 11.
The essence of relators' claim in prohibition is that respondents — judge, "visiting" judge and the court of common pleas — lack jurisdiction to act in Case No. CV-307622 because: the two prior dismissals were with prejudice; respondent visiting judge did not permit relators an opportunity to respond to the motion for relief from judgment in Case No. CV-307622; and the cross-claims and counterclaim of Vincent Farris remain pending. Amended Complaint, par. 19.
In Case No. CV-307622, the June 5, 1997 journal entry awarding damages against relators was issued more than nine months after the court of common pleas granted the plaintiffs' motion for relief from judgment. Amended Complaint, Exh. G. InMixon-Jordan v. Jordan, Case Nos. 72800 and 72805, this court dismissed the appeals of the June 5, 1997 journal entry for lack of a final appealable order. Amended Complaint, Exh. H. The court of common pleas issued a "journal entry on September 9, 1998 in response to this court's dismissal of Case Nos. 72800 and 72805, Amended Complaint, Exh. D. Relators filed a motion for reinstatement of Case Nos. 72800 and 72805 on November 24, 1998 which this court denied by entry dated December 17, 1998. By entry dated January 6, 1999, this court denied relators' motion for extension of time to file motion for reconsideration of the denial of reinstatement. The second motion for reinstatement filed on January 6, 1999 was denied on January 14, 1999.
Relators have not prosecuted an appeal from the September 9, 1998 entry.
By entry dated March 29, 1999, this court granted the motion of Joy Jordan — a party to Case No. CV-307622 — to intervene as a respondent in this action. Respondents filed a motion to dismiss or, in the alternative, motion for summary judgment and intervenor filed a motion to dismiss/alternative motion for summary judgment. Relators filed a brief in opposition to both motions ("Brief in Opposition"). By separate entries, we have granted the motions of respondents and intervenor. The reasons for our decision follow.
Relators request relief in prohibition to prevent further proceedings in Case No. CV-307622 and in mandamus to compel respondents to issue orders restoring all sums collected from relators by plaintiffs in Case Nos. CV-307622 as well as dismissing Case No. CV-307622.
 The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largent v Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. State ex rel. Lesher v. Kainrad
(1981), 65 Ohio St.2d 68, 417 N.E.2d 1382, certiorari denied (1981), 454 U.S. 845; Cf. State ex rel. Sibarco Corp. v. City of Berea (1966), 7 Ohio St.2d 85, 218 N.E.2d 428, certiorari denied (1967), 386 U.S. 957. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ehis v. McCabe (1941), 138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel. Sparto v. Juvenile Court of Darke County (1950), 153 Ohio St. 64, 65, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion V. Tuscarawas Cty. Court of Common Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 273; Reiss v. Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447.
 Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel. Tilford v. Crush (1988), 39 Ohio St.3d 174, 529 N.E.2d 1245 and State ex rel. Csank v. Jaffe (1995), 107 Ohio App.3d 387. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel. Roots town Local School District Board of Education v. Portage County Court of Common Pleas (1997), 78 "Ohio St.3d 489, 678 N.E.2d 1365 and State ex rel. Bradford v. Trumbull County Court (1992), 64 Ohio St.3d 502, 597 N.E.2d 116.
 State ex rel. Wright v. Griffin (July 1, 1999), Cuyahoga App. No. 76299, unreported, at 5-7.
In their Brief in Opposition to the motions of respondents and intervenor, relators concede that respondents had jurisdiction to consider the motion for relief from judgment. "However, * * * the below Court fell off the established course when it simply granted a same day Ex Parte Rule 60, Motion for Relief from Judgment; when it did not conduct a hearing on the subject; and when it did [not] allow the Relators" even the courtesy of being allowed to file a response/ reply brief." Brief in Opposition, at 7. (Capitalization and punctuation in original.)
Relators argue, therefore, that the purported procedural defects in disposing of the motion for relief from judgment are sufficient grounds for relief in prohibition and mandamus. As noted above, however, prohibition may not be used as a substitute for appeal, State ex rel. Enyart v. O'Neill (1995), 71 Ohio St.3d 655,656, 646 N.E.2d 1110.
 Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese
(1994), 69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v. Industrial Commission of Ohio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. Tommie Jerninghan v. Judge Patricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787, unreported. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath (1997), 78 Ohio St.3d 45, 676 N.E.2d 108, and State ex rel. Boardwalk Shopping Center, Inc. v. Court of Appeals for Cuyahoga County (1990), 56 Ohio St.3d 33, 564 N.E.2d 86.
State ex rel. Drake v. Sutula (Apr. 29, 1999), Cuyahoga App. No. 75999, unreported, at 5.
After the court of common pleas issued its September 9, 1998 entry in response to this court's dismissal of Case Nos. 72800 and 72805, relators could have commenced an appeal within thirty days of the date of that entry. Likewise, challenges to the finality of the September 9, 1998 entry could have been addressed to this court in the exercise of its appellate jurisdiction.
In any event, relief in prohibition or mandamus would not be appropriate. Respondents were not patently and unambiguously without jurisdiction to vacate the dismissal in Case No. CV-307622. Cf. Logsdon v. Nichols (1995), 72 Ohio St.3d 124, 127,647 N.E.2d 1361. Likewise, relators have not demonstrated either that they have a clear legal right to restoration of all sums collected by plaintiffs as well as dismissal of Case No. CV-307622 or that respondents have a corresponding clear legal duty. Furthermore, relators had an adequate remedy at law.
As a consequence, we grant respondents' motion to dismiss or, in the alternative, motion for summary judgment and grant intervenor Joy Jordan's motion to dismiss/alternative motion for summary judgment. Accordingly, relators' request for relief in prohibition and mandamus is denied. Relators to pay costs.
Writ denied.
O'DONNELL, P.J., and KARPINSKI, J., CONCUR.
 _____________________________________ PATRICIA ANN BLACKMON JUDGE