JOURNAL ENTRY AND OPINION ORIGINAL ACTION
On October 16, 2000, the relator, Dwain Davis, commenced this prohibition and mandamus action against the respondents, Christine Money, Colleen Fiant, Clifford Smith, Steven Brinkley, all of whom are administrators at the Marion Correctional Institution, Reginald Wilkinson, the Director of the Ohio Department of Rehabilitation and Corrections, and Ohio State Attorney General Betty Montgomery. Mr. Davis claims that the respondents are improperly garnishing his prison account for payment of child support in violation of court orders and seeks through this writ action to stop the garnishment and force the respondents to return the money. On November 15, 2000, the respondents moved to dismiss. On December 8, 2000, Mr. Davis moved to strike that motion. This court denies the motion to strike and considers it a brief in opposition to the motion to dismiss. For the following reasons this court grants the motion to dismiss.
Although Mr. Davis has been in prison since 1990, he has a son. In October 1998 in Dorothy Woods v. Dwain Davis, Cuyahoga County Common Pleas Court, Juvenile Division, Case No. 8772213, the court entered an order finding that Mr. Davis owed the Ohio Department of Human Services $4,579.27 for support arrearages and that he owed another $13,475.00 to the Ohio Department of Youth Services. The court then ordered him to pay $35.00 a week for current child support beginning on October 13, 1998. Finally, it ordered that he "shall seek employment and immediately notify the Cuyahoga Support Enforcement Agency, in writing, upon obtaining any income or obtaining ownership of any property with a value of $500.00 or more, when released from prison."
In early 2000 the Marion Correctional Institution began garnishing Mr. Davis's prison account to collect child support at the request and direction of the Attorney General's Office and the Cuyahoga County Prosecutor. In response Mr. Davis moved to vacate the Juvenile Court's October 1998 order.
In late May 2000, a juvenile court magistrate issued her decision in which she found that Mr. Davis's son "was committed to the Permanent Custody of the Department of Children and Family Services on November 30, 1994 * * *." Thus, Mr. Davis's current support obligation was terminated as of that date. She also found that as of November 30, 1994, Mr. Davis owed arrearages of $6,574.20 to the Department of Human Services and another $4,410.00 to the Social Services/Foster Care section of the Department of Human Services. She then recommended that Mr. Davis's "Current Support obligation is terminated as of November 30, 1994; That the order on the defendant's inmate account or other income source be terminated." She also recommended that Mr. Davis pay the above-mentioned arrearages plus a two percent fee and that judgment issue for those amounts. Finally, she recommended that any lump sum payment from the Lucasville prison settlement be applied to the arrearages. On August 9, 2000, the Juvenile Court approved and adopted the magistrate's decision.
The prison officials continued to garnish Mr. Davis's prison account.[1] Therefore, Mr. Davis commenced this writ action to force the respondents to end the garnishments.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser
(1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. OhioTurnpike Commission (1953), 159 Ohio St. 581, 113 N.E.2d 14; State exrel. Connole v. Cleveland Board of Education (1993), 87 Ohio App.3d 43,621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger
(1940), 32 Ohio Law Abs. 308.
The principles governing prohibition are similarly well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State exrel. Largent v. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe
(1941), 138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court ofCommon Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 273 and Reiss v.Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447.
Mr. Davis argues that the two Juvenile Court orders prohibit the garnishment of his prison account. He reads the "when released from prison" paragraph of the October 1998 order as requiring payments only when he is released from prison or in the alternative it authorizes garnishment only when he has accumulated assets of Five Hundred Dollars or more. Mr. Davis claims that the magistrate's decision and the court's order approving that decision reaffirm the initial order's prohibition against garnishment by terminating the order on his prison account and specifying that only the settlement from the Lucasville litigation be applied to the arrearages.
However, Mr. Davis's arguments are not well taken because he misreads the orders.[2] The "when released from prison" paragraph in the October 1998 order does not specify that the duty to pay child support, either current support obligations or arrearages, becomes effective only when Mr. Davis is released from prison. The word only is not contained in the paragraph. Instead, it imposes additional obligations, e.g., to seek employment, when he is released from prison. The rest of the order finds substantial arrearages and then also orders him to begin paying immediately $35.70 a week for current child support.
Similarly, the magistrate's decision and the corresponding court order approving it do not prohibit garnishing the account for arrearages. The paragraph upon which Mr. Davis focuses does not concern arrearages; rather, it deals with the $35.70 current child support payment previously ordered by the court. The first clause of that paragraph notes that the "Current Support obligation" is terminated as of November 30, 1994, because on that date the state assumed permanent custody of Mr. Davis's son, and Mr. Davis legally ceased being a parent for that child after that date. Thus, the second clause of the paragraph terminates the current child support obligation which the court had previously ordered at the rate of $35.70 per week. That paragraph does not explicitly and specifically relieve Mr. Davis of any arrearages due before November 30, 1994. Indeed, the rest of the decision specifies those arrearages and recommends that he pay those amounts and that judgment for those amounts issue against him. The paragraph on the Lucasville settlement does not insulate Mr. Davis from the support he owes for his son, but rather makes a separate, additional provision for an unusual and special situation. The proper implication from the decision is not that Mr. Davis has no duty to pay the arrearages until he is out of prison but that he is immediately liable for them. At the very least, it is not at all certain and clear that those court orders prevent the state from collecting the child support that Mr. Davis owes. Without that clarity and certainty, an extraordinary writ does not lie.
Accordingly, the respondents' motion to dismiss is granted. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
DIANE KARPINSKI, ADM. J. and PATRICIA A. BLACKMON, J. CONCUR
[1] Mr. Davis makes forty-seven cents an hour in his prison job. These garnishments take all but $10.00 per month and range from $34.00 to $54.00.
[2] The respondents concisely raise this issue in Section V of their motion to dismiss.