JOURNAL ENTRY and OPINION
On October 30, 2001, the relators, Michael R. White, Mayor of the City of Cleveland; Cara Watts, secretary to the Mayor; and Jason Woods, Assistant to the Mayor, commenced this action in mandamus and prohibition against the respondent, Judge Judith Kilbane Koch, to compel the judge from enforcing or taking any further action on a temporary restraining order which she issued on October 26, 2001 in the underlying case, Fannie Lewis, et al. v. Michael White, et al., Cuyahoga County Common Pleas Court Case No. CV-451390. This order enjoined the relators from using taxpayer funds to communicate with the public regarding the issue of City Council's raises. The relators also sought an alternative writ of mandamus or prohibition, and, on October 30, 2001, this court granted the application for an alternative writ and ordered the respondent to show cause why the writs of mandamus or prohibition should not issue. The respondent filed her motion to dismiss on November 1, 2001. The relators filed their brief in opposition on November 5, 2001. For the following reasons this court grants the motion to dismiss.
 FACTUAL BACKGROUND
As revealed by the submissions before the court, these matters revolve around a dispute between the Mayor and the Cleveland City Council over pay raises for the Council. In late 1984, the Cleveland City Council passed Ordinance 3028-84, which provides an automatic six percent annual pay increase for Council members; this provision remains in effect. In contrast, since 1993, salary increases for the Mayor of Cleveland have been tied to the percentage increase afforded to the majority of collective bargaining units for that year, if any. In 2000, Council considered a proposal which would also tie Council raises to the percentage increases for that year in a majority of the City's collective bargaining agreements. The Mayor supports this proposal and opposes the annual six percent increase for Council raises.
On October 3, 2001, the relators prepared and mailed to Cleveland citizens lengthy letters (packets of information) which addressed the issue of council salaries. These packets contained a letter from the Mayor asking people to examine the issue as well as various newspaper articles, graphs, tables, projections, a copy of a proposed ordinance, and analysis. The cost and expense of preparing and mailing these letters was paid for through the appropriation to the Mayor's office budget.
On October 19, 2001, fourteen Cleveland Council members, headed by Fannie Lewis, commenced the underlying law suit against Mayor White, his secretary, Cara Watts, and his assistant, Jason Woods. The plaintiff Council members assert that this mailing was a political submission contrary to the Ohio Revised Code, the Civil Service Rules for the City of Cleveland and the Cleveland Charter. Moreover, this political submission was intended to harm the plaintiff Council members. Accordingly, the plaintiff Council members sought a temporary restraining order and a preliminary and permanent injunction against the Mayor and his assistants prohibiting further distribution of the letters, especially at taxpayers' expense, and an order to pay back the public monies spent on the distribution. The plaintiff Council members brought this action personally and as taxpayers. They styled their petition as one for declaratory judgment and injunctive relief; they also seek damages for defamation.
On October 26, 2001, the respondent judge conducted an evidentiary hearing on the relief requested in the complaint. Council members Fannie Lewis, William Patmon and Michael Polensek testified and opined that the letters were political submissions prepared and mailed at taxpayers' expense in violation of the City Charter. That same day, the respondent judge issued the following temporary restraining order:
 TRO granted. Mayor of Cleveland, Michael R. White, and co-[Defendants] are enjoined from using taxpayer funds to communicate w/the public regarding the issue of City Council's raises. [Defense] counsel having waived bond and agreed to extend the date for the hearing on the preliminary injunction until Nov. 20, 2001 @ 9:30 a.m. All parties are ordered to attend and [defendants] shall provide a full accounting of all public funds and employees' time expended in the mailings that are the subject of this legal action.
The relators then commenced this prohibition and mandamus action arguing that the temporary restraining order is a prior restraint on political speech and that a court may issue a writ to correct an improperly issued temporary restraining order that violates the First Amendment.
 DISCUSSION OF LAW Prohibition
The principles governing prohibition are well established. Its requisites are (1) that the respondent against whom it is sought is about to exercise judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that if the writ is denied, the relator will suffer injury for which no adequate remedy at law exists. State ex rel. Largent v Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Prohibition will not lie unless it clearly appears that the court has no jurisdiction over the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe (1941),138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction. State ex rel. Sparto v. Juvenile Court of Darke County (1950), 153 Ohio St. 64, 65, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issued in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas (1940),137 Ohio St. 273, 28 N.E.2d 273; Reiss v. Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447. Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel. Tilford v. Crush (1988),39 Ohio St.3d 174, 529 N.E.2d 1245 and State ex rel. Csank v. Jaffe (1995), 107 Ohio App.3d 387. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown Local School District Board of Education v. Portage County Court of Common Pleas (1997),78 Ohio St.3d 489, 678 N.E.2d 1365 and State ex rel. Bradford v. Trumbull County Court (1992), 64 Ohio St.3d 502, 597 N.E.2d 116.
In the present matter the respondent, a common pleas judge, has the basic jurisdiction to hear cases for declaratory judgment and to issue injunctive relief, including temporary restraining orders and preliminary injunctions. R.C. 2727.02, et seq. and R.C. 2721.01 et seq. R.C. 733.56
explicitly authorizes a court to order an injunction to restrain the misapplication of funds of a municipal corporation, and R.C. 733.59
permits taxpayers to institute such actions, such as arguably done in the underlying case. Thus, the underlying case comes within the basic jurisdiction granted the respondent. At the very least, it cannot be said that the re-spondent patently and unambiguously lacks jurisdiction over the underlying case. Accordingly, prohibition should not issue.
To the extent that a temporary restraining order imposing a prior restraint in violation of the First Amendment presents a sui generis claim for prohibition, the relators' claim is not persuasive. The gravamen of the restraining order is not to prohibit the relators from addressing the issue of Council raises. The focus of the order is the prohibition on the use of taxpayer funds. As the respondent concedes in her brief, the relators are free to express their views on any subject, including Council raises, in any forum they choose, but they may not finance their speech with taxpayer funds, pending further court proceedings. Indeed, by further limiting the order to communications with the public, the order does not prohibit the Mayor from raising the issue of Council raises when he finds it necessary to do so in his official capacity, e.g., in proposing ordinances to Council or making required reports.
Because the restraining order does not limit what the relators may say, but only that they may not use taxpayer funds in communicating with the public on the issue of Council raises, this court rejects the relators' argument that the order is overbroad and constitutes a prior restraint on speech. Similarly, the relators have also not convinced this court that the restraining order is too vague. They have not sufficiently raised the question of what may or may not be done under the order. Moreover, in the case cited by the relators, Superior Savings Association v. Cleveland Council of Unemployed Workers (1986), 27 Ohio App.3d 344,501 N.E.2d 91, the trial court enjoined the defendants from any acts intended to harass the Plaintiff or its employees or customers * * *. The appellate court upheld the order against a claim of vagueness. The subject order is no more vague than the order in Superior Savings. At the very least, the relators have not clearly convinced this court that the subject order is too vague, that the trial court did not have jurisdiction to issue the order, or that the order is a prior restraint of speech. Following the admonition that the writ of prohibition should not issue in doubtful cases, the court declines to issue the writ in the present matter.
 Mandamus
Similarly, the relators' arguments concerning mandamus are not well taken. The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief; (2) the respondent must have a clear legal duty to perform the requested relief; and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176,631 N.E.2d 119; State ex rel. Daggett v. Gessman (1973), 34 Ohio St.2d 55,295 N.E.2d 659; and State ex rel. Pressley v. Industrial Commission of Ohio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. Tommie Jerninghan v. Judge Patricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787, unreported. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear; it should not issue in doubtful cases. State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Connole v. Cleveland Board of Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
As explained above, the relators have not convinced this court that the subject restraining order is a prior restraint of speech in violation of the First Amendment. Absent that premise, any error the trial court may have made should be addressed on appeal. Any effort to review, modify or restrict the subject restraining order would be to interfere with judicial discretion, which is not allowed under Ohio mandamus law. Accordingly, the relators' reliance on In re King World Productions, Inc. (6th Cir. 1990), 898 F.2d 56 is misplaced. The federal standard for issuing mandamus is radically different than the Ohio standard, allowing, for example, the redress of an abuse of judicial discretion. Additionally, in State ex rel. The Cincinnati Post v. Court of Common Pleas of Hamilton County (1991), 59 Ohio St.3d 103, 570 N.E.2d 1101, the Supreme Court of Ohio stated that if a case established an impermissible prior restraint of speech violating the First Amendment, then the writ of prohibition rather than the writ of mandamus would be the more appropriate remedy. Accordingly, mandamus will not issue in the present case.
Finally, the court notes that its holding in this case is a narrow one: the relators have not clearly established that the subject restraining order is an impermissible prior restraint of speech violating the First Amendment such that a special writ should issue to correct the error. The issues of whether the relators were properly engaging in governmental speech, were properly using public funds, or were engaging in partisan political speech or a personal vendetta or whether the trial court erred, for whatever reasons, in issuing the restraining order should be determined after a full hearing and then, if necessary, upon appeal and a full record.
Accordingly, the respondent's motion to dismiss is granted, and this writ action is dismissed. The alternative writs are vacated as moot. Relators to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
DIANE KARPINSKI, A.J. CONCURS TERRENCE O'DONNELL, J. DISSENTS.