JOURNAL ENTRY AND OPINION
On May 31, 2001, the petitioner, Reggie Hite, commenced this prohibition action against the State of Ohio and the Ohio Adult Parole Authority to prohibit the parole authority from exercising any further jurisdiction or control over him. He claims that in the underlying case,State of Ohio v. Reggie Hite, Cuyahoga County Common Pleas Court Case No. CR-348705, the trial judge never informed him that he would be subject to post-release control pursuant to R.C. 2967.28.[1]
Nevertheless, when he had finished his prison term, the Ohio Adult Parole Authority imposed a three-year term of post-release control. Subsequently, he violated the conditions and terms of post-release control and has been returned to prison for the maximum amount of time allowed under the statute. Moreover, because of two of the violations, he has been convicted of two separate charges of escape and sentenced to two one-year concurrent sentences.[2] He maintains that all the post-release controls and the convictions for escape are improper and void because the trial court in the underlying case did not specifically sentence him to post-release control.
On June 28, 2001, the respondents moved to dismiss, and on July 9, 2001, Mr. Hite filed a brief in opposition, styled as a "Stay of proceedings to enforce a judgment." For the following reasons, this court grants the motion to dismiss.
The principles governing prohibition are well established. Its requisites are: (1) the respondent against whom it is sought is about to exercise judicial power; (2) the exercise of such power is unauthorized by law; and (3) there is no adequate remedy at law. State ex rel. Largentv. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. State ex rel. Lesher v. Kainrad (1981),65 Ohio St.2d 68, 417 N.E.2d 1382, certiorari denied (1981), 454 U.S. 845; Cf. State ex rel. Sibarco Corp. v. City of Berea (1966), 7 Ohio St.2d 85,218 N.E.2d 428, certiorari denied (1967), 386 U.S. 957. Furthermore, prohibition should be used with great caution and not issued in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas
(1940), 137 Ohio St. 273, 28 N.E.2d 273; Reiss v. Columbus MunicipalCourt (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447.
Mr. Hite has failed to establish each of the requisites for prohibition. First, the respondents are not a court or an officer that is about to exercise judicial power. Pratts v. Ohio Adult Parole Authority
(Aug. 30, 2001), Cuyahoga App. No. 79897, unreported. In Woods v. Telb
(2000), 89 Ohio St.3d 504, 733 N.E.2d 1103, the Supreme Court rejected the argument that R.C. 2967.28 violated the separation of powers doctrine and usurped judicial power; rather, it is the proper exercise of executive power. Thus, the matter is outside the scope of prohibition. Additionally, the Ohio Adult Parole Authority is authorized by R.C.2967.28(C) to impose post-release control upon a prisoner once he is released from prison. Pratts.
Moreover, Mr. Hite has or had an adequate remedy through appeal or a motion for a delayed appeal which precludes a writ of prohibition because the issue of whether a defendant was properly sentenced and subject to post-release control can be addressed through appeal. Pratts; State v.Coe (Nov. 21, 2001), Cuyahoga App. No. 79575, unreported; State v. Hart
(May 31, 2001), Cuyahoga App. No. 78170, unreported; State v. Jones (May 24, 2001), Cuyahoga App. No. 77657, unreported; State v. Hyde (Jan 11, 2001), Cuyahoga App. No. 77592, unreported; State v. Wright (Sept. 28, 2000), Cuyahoga App. No. 77748, unreported — "This court has consistently held that the failure to comply with R.C. 2929.19(B)(3) constitutes reversible error."; and State v. Patterson (July 29, 1999), Cuyahoga App. No. 74348, unreported. Cf. State ex rel. Blackson v. OhioAdult Parole Authority (2000), 89 Ohio St.3d 520, 733 N.E.2d 1116 andState ex rel. Kennehan v. Ohio Adult Parole Authority (2000),89 Ohio St.3d 522, 733 N.E.2d 1117; in these two cases the supreme court dismissed petitions for writs of prohibition and habeas corpus on the authority of Woods v. Telb and because the petitioners have or had adequate remedies at law through appeal or a motion for delayed appeal.
The court notes that it has already rejected Mr. Hite's argument that the convictions for escape violate the principles of double jeopardy.State v. Hite (Dec. 14, 2000), Cuyahoga App. No. 77374, unreported. The court further notes that appeal was and is the proper means for addressing the issue.
Finally, the relator has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's poverty affidavit also does not comply with the statute. The failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. OhioParole Board (1998), 82 Ohio St.3d 421, 696 N.E.2d 594 and State ex rel.Alford v. Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
Accordingly, this court grants the motion to dismiss and dismisses this writ action. Costs assessed against petitioner. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
TIMOTHY E. McMONAGLE, P.J., and TERRENCE O'DONNELL, J., CONCUR.
[1] The sentencing entry in the underlying case does not contain any reference to R.C. 2967.28 post-release controls.
[2] It is uncertain whether Mr. Hite has completed the full three years of post-release control for the underlying case and whether he is still serving the prison terms for escape.