JOURNAL ENTRY AND OPINION
{¶ 1} On February 7, 2003, Leonard Williams filed a writ of prohibition against Judge Markus to prohibit the State from proceeding with his prosecution currently scheduled for February 12, 2003. The basis for this motion is that this court must rule on his appeal in State v.Williams, Cuyahoga County Court of Common Pleas, Case No. CR-424092, before the lower court can proceed with his current trial. For the following reasons, we sua sponte dismiss the writ.
 {¶ 2} A writ of prohibition may be issued only after a petitioner establishes that (1) the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) the refusal of the writ would result in injury for which there exists no adequate remedy in the ordinary course of law. State ex rel. McKee v. Cooper (1974),40 Ohio St.2d 65, 320 N.E.2d 286. Furthermore, prohibition does not lie unless the relator clearly demonstrates that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe
(1941), 138 Ohio St. 417, 35 N.E.2d 571; State ex rel. City of Clevelandv. Judge Thomas Pokorny (Oct. 12, 2001), Cuyahoga App. No. 79800.
 {¶ 3} In this matter, we find that relator failed to identify the specific proceeding he is trying to prevent from being adjudicated. Accordingly, relator failed to state a claim upon which relief can be granted.
 {¶ 4} Furthermore, we find that relator has failed to comply with R.C. 2969.25, which mandates that he attach to his complaint an affidavit that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of prohibition. State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421, 696 N.E.2d 594; State ex rel. Alford v. Winters
(1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
 {¶ 5} The relator also failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
 {¶ 6} Accordingly, we sua sponte dismiss the petition. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
PATRICIA A. BLACKMON, P.J., and ANTHONY O. CALABRESE, J., concur.