ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On April 19, 2004, the petitioner, Audrey Mickey, commenced this prohibition action against the respondents, the Common Pleas Court of Cuyahoga County, Judge Christopher Boyko, Stana Andjelkovic and John Hildebrand Mickey seeks to direct the respondents in the underlying case, Mickey v. Mickey, Cuyahoga County Common Pleas Court Case No. CV-441046, to stop delaying and to "proceed to direct intruders parties respondents to fully return the trusts (sic) personal property forthwith" or to direct the respondents to proceed to trial for damages to the trust. For the following reasons, this court dismisses the application for a writ of prohibition, sua sponte.
 {¶ 2} In the underlying case, the docket reveals that in June 2001, Mickey commenced the underlying case against, inter alia, Stana Andjelkovic, to recover property of a trust or an estate. In June 2002, Judge Boyko dismissed the complaint for lack of subject matter jurisdiction. This became a final, appealable order when Stana Andjelkovic dismissed the counterclaim without prejudice on July 1, 2002. Since then Mickey has filed multiple motions and pleadings to revive the action or recover the property, but she never filed an appeal.
 {¶ 3} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largent v. Fisher
(1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. State ex rel. Lesherv. Kainrad (1981), 65 Ohio St.2d 68, 417 N.E.2d 1382, certiorari denied (1981), 454 U.S. 845; cf. State ex rel. Sibarco Corp. v.Berea (1966), 7 Ohio St.2d 85, 218 N.E.2d 428, certiorari denied (1967), 386 U.S. 957. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merionv. Tuscarawas Cty. Court of Common Pleas (1940),137 Ohio St. 273, 28 N.E.2d 273; Reiss v. Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447.
 {¶ 4} In the present case, Mickey's proper remedy was appeal, and that precludes the issuance of an extraordinary writ, such as prohibition. Moreover, prohibition is to prevent a court from conducting further proceedings in a case, when it does not have jurisdiction over the matter. It is not issued to compel a judge to conduct further proceedings on a matter.
 {¶ 5} Accordingly, this court dismisses this application for a writ of prohibition, sua sponte. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Blackmon and Cooney, JJ., concur.