JOURNAL ENTRY and OPINION
{¶ 1} Appellant Arthur Moncrief appeals his sentence and his sexually-oriented offender status. Moncrief assigns five errors for our review.[1]
 {¶ 2} Having reviewed the record and pertinent law, we affirm Moncrief's sentence and sexually-oriented offender classification. The apposite facts follow.
 {¶ 3} The Cuyahoga County Grand Jury indicted Moncrief for two counts of rape, four counts of felonious assault, and two counts of kidnapping. The charges arose from Moncrief's attack on a female co-worker after a night spent drinking alcohol and smoking crack cocaine.
 {¶ 4} Moncrief entered a plea to an amended count of attempted rape and one count of felonious assault. The remaining counts were nolled. The sentencing hearing was continued in order for a presentence investigative report to be compiled.
 {¶ 5} Prior to sentencing, Moncrief claimed his attorney had pressured him into entering the plea; therefore, he made an oral motion to withdraw his plea. The trial court granted the motion. However, minutes after the trial court granted the motion, Moncrief reconsidered and withdrew his motion. The trial court, therefore, proceeded with the sentencing hearing.
 {¶ 6} At the hearing, a letter written by the victim was read into evidence. The victim requested that Moncrief receive the maximum sentence. She also stated she has lost partial vision to her right eye due to the injuries she suffered and stated that emotionally she would never be the same.
 {¶ 7} Defense counsel stated that Moncrief had a relationship with the victim. According to him, on the night of the assault, the victim and Moncrief had imbibed in alcohol and crack cocaine. An altercation between the two ensued. Moncrief received two stab wounds to his shoulder and one to the chest. According to defense counsel, Moncrief admitted to the police he had a fight with the victim, but denied raping her.
 {¶ 8} The trial court noted the victim suffered serious injury. She was "choked, strangled, punched on her body, two stab wounds, gashes, laceration to the right eyelid. There was blood in her urine. She required hospitalization."[2] The victim also suffered a permanent physical injury due to the loss of vision in her right eye and also suffered psychological harm. The victim tested positive for drugs, which the court indicated as a "problem" for the victim.
 {¶ 9} The court also indicated that Moncrief had a risk of recidivism because he engaged in an almost identical felonious assault in 1988. The female victim in that case suffered multiple stab wounds and was hospitalized for four days. Moncrief served four and a-half years in prison in that case.
 {¶ 10} Moncrief has prior misdemeanors for open container, disorderly conduct, noise violation, and obstruction of official business. Finally, the court found "the relationship with the victim facilitated the offense, which makes it a bit more serious."[3]
 {¶ 11} After considering the above factors, the trial court imposed a seven-year sentence on each count, to be served concurrently.
 {¶ 12} After sentencing, the trial court proceeded to conduct a sexual predator hearing. After considering the factors set forth in R.C. 2950.09, the court declined to classify Moncrief as a sexual predator or habitual offender. However, because he entered a plea to attempted rape, Moncrief was automatically classified as a sexually-oriented offender.
 RAPE SENTENCE {¶ 13} In his first assigned error, Moncrief argues that his seven-year sentence for rape was not supported by clear and convincing evidence because he denied committing the rape.
 {¶ 14} Our review of the record indicates that Moncrief did not deny at the plea hearing that he committed the attempted rape. The denial occurred in his statement to the police. At the plea hearing, Moncrief pled guilty to attempted rape. By entering a plea of guilty, Moncrief admitted to the facts contained in the indictment, regardless of his prior statement to the police. "A guilty plea admits the facts set forth in the indictment, not the facts set forth at the plea hearing."[4]
Therefore, evidence in support of his plea was not necessary. Accordingly, Moncrief's first assigned error is overruled.
 FELONIOUS ASSAULT SENTENCE {¶ 15} In his second assigned error, Moncrief argues the trial court failed to consider the factors set forth in R.C. 2929.12 in imposing a seven-year sentence for felonious assault. He claims mitigating evidence was presented because the victim's injuries occurred when Moncrief was defending himself.
 {¶ 16} Our review of the record indicates the trial court meticulously considered the factors contained in R.C. 2929.12. In imposing the seven-year sentence, the trial court considered the seriousness of the victim's injury, Moncrief's prior criminal history, including a prior felonious assault charge with facts similar to the instant case, and the fact Moncrief's relationship with the victim facilitated the offense. These are all considerations pursuant to R.C. 2929.12.
 {¶ 17} Moncrief contends he never stipulated to the intent required for felonious assault, and that he was acting in self-defense. However, he entered a plea to felonious assault. As we stated above, by entering a plea, he admitted to the facts set forth in the indictment. He, therefore, admitted to the requisite intent.
 {¶ 18} The trial court was also aware that Moncrief contended he acted in self defense. However, simply because Moncreif alleges he acted in self defense, does not obligate the trial court to believe him over the victim's allegation that Moncrief was the aggressor. The victim's statement indicates she stabbed Moncrief while he was strangling her. Accordingly, Moncrief's second assigned error is overruled.
 BLAKELY {¶ 19} In his third and fourth assigned errors, Moncrief contends his non minimum sentence violates the U.S. Supreme Court's decision inBlakely v. Washington.[5]
 {¶ 20} This issue has been addressed in this court's en banc decision of State v. Atkins-Boozer.[6] In Atkins-Boozer, we held that R.C. 2929.14(B), which governs the imposition of non minimum sentences, does not implicate the Sixth Amendment as construed in Blakely. In conformity with that opinion, we reject Moncrief's argument.
 {¶ 21} Moreover, because Moncrief has served a prior prison term, the trial court was not required to make findings pursuant to R.C. 2929.14(B), which governs the sentence for those who have never served time in prison. Accordingly, Moncrief's third and fourth assigned errors are overruled.
 SEXUALLY-ORIENTED OFFENDER CLASSIFICATION {¶ 22} In his fifth assigned error, Moncrief argues the trial court erred in classifying him as a sexually-oriented offender. We disagree.
 {¶ 23} The Ohio Legislature has devised a system whereby a sentencing court must determine whether sex offenders fall into one of the following classifications: (1) sexually-oriented offender; (2) habitual sex offender; or (3) sexual predator.[7] A sexually-oriented offender is one who has committed a "sexually-oriented offense" as that term is defined in R.C. 2950.01(D) but who does not fit the description of either habitual sex offender or sexual predator.[8] The Ohio Supreme Court has specifically held that the sexually-oriented offender classification attaches by operation of law.[9]
 {¶ 24} In the instant case, Moncrief pled guilty to attempted rape, which is a sexually-oriented offense. Therefore, by operation of law, Moncrief is a sexually-oriented offender. Accordingly, Moncrief's fifth assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., AND Kilbane, J., concur.
 APPENDIX ASSIGNMENTS OF ERROR
 "I. The trial court erred in imposing a seven year sentence forattempted rape when the record does not clearly and convincingly supportthe sentence imposed."
 "II. The trial court erred when imposing a seven year sentence forfelonious assault when the record does not clearly and convincinglysupport the sentence the trial court imposed."
 "III. The trial court erred when it violated appellant's SixthAmendment right by imposing a seven year sentence for attempted rapebased on judicial findings beyond those either determined by a jury orstipulated to by the defendant."
 "IV. The trial court erred when it violated appellant's Sixth Amendmentright by imposing a seven year sentence for felonious assault based onjudicial findings beyond those either determined by a jury or stipulatedto by the defendant."
 "V. The trial court erred when it determined appellant was asexual-oriented offender when such a finding was against the manifestweight of the evidence."
[1] See Appendix.
[2] Tr. at 28.
[3] Tr. at 30.
[4] State v. Greathouse, 158 Ohio App.3d 135, 2004 Ohio 3402.
[5] (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.
[6] (May 31, 2005), Cuyahoga App. No. 84151, 2005 Ohio 2666.
[7] State v. Eppinger (2001), 91 Ohio St.3d 158, 2001 Ohio 247; R.C. 2950.09.
[8] State v. Cook, 83 Ohio St.3d 404, 1998 Ohio 291.
[9] State v. Hayden, 96 Ohio St.3d 211, 2002 Ohio 4169. See, also,State v. Grider (2001), 144 Ohio App.3d 323; State v. Mickey (April 5, 2001), Cuyahoga App. No. 77889.