{¶ 1} On September 11, 2006, the applicant, Arthur Moncrief, pursuant to App. R. 26(B), applied to reopen this court's judgment in State of Ohio v. Arthur Moncrief, Cuyahoga App. No. 85479, 2005-Ohio-4812, in which this court affirmed Moncrief's sentence and sexually-oriented offender status.[1] Moncrief maintains that his appellate counsel was ineffective because (1) he did not anticipate the Ohio Supreme Court's ruling in Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and move this court to stay the instant case until the Supreme Court ruled in Foster[2] and (2) he did not argue that trial counsel was ineffective for failing to argue that post release control was not pronounced at sentencing. On September 18, 2006, the State of Ohio filed its brief in opposition to the application to reopen. For the following reasons, this court denies the application.
 {¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. In the present case this court journalized its decision on September 26, 2005, and Moncrief filed his application on September 11, 2006. Thus, it is untimely on its face. In an effort to establish good cause, Moncrief argues that his appellate counsel misled him by saying he would appeal to the Ohio Supreme Court and then did not. Moncrief further submits that an independent, but unnamed, authority advised him to seek a delayed appeal to the Supreme Court, and only after the Supreme Court denied his delayed appeal was he informed of App.R. 26(B).
 {¶ 3} However, these excuses do not establish good cause for untimely filing an application to reopen. In State v. White
(Jan. 31, 1991), Cuyahoga App. No. 57944, reopening disallowed (Oct. 19, 1994), Motion No. 49174 and State v. Allen (Nov. 3, 1994), Cuyahoga App. No. 65806, reopening disallowed (July 8, 1996), Motion No. 67054, this court rejected reliance on counsel as showing good cause. In State v. Rios (1991),75 Ohio App.3d 288, 599 N.E.2d 374, reopening disallowed (Sept. 18, 1995), Motion No. 66129, Rios maintained that the untimely filing of his application for reopening was primarily caused by the ineffective assistance of appellate counsel; again, this court rejected that excuse. Cf. State v. Moss (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, reopening disallowed (Jan. 16, 1997), Motion No. 75838; State v. McClain (Aug. 3, 1995), Cuyahoga App. No. 67785, reopening disallowed (Apr. 15, 1997), Motion No. 76811; and State v. Russell (May 9, 1996), Cuyahoga App. No. 69311, reopening disallowed (June 16, 1997), Motion No. 82351.
 {¶ 4} Moreover, the courts have consistently ruled that lack of knowledge or ignorance of the law does not provide sufficient cause for untimely filing. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481; State v.Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Cummings
(Oct. 17, 1996), Cuyahoga App. No. 69966, reopening disallowed (Mar. 26, 1998), Motion No. 92134; and State v. Young (Oct. 13, 1994), Cuyahoga App. Nos. 66768 and 66769, reopening disallowed (Dec. 5, 1995), Motion No. 66164. Ignorance of the law is no excuse.
 {¶ 5} Moreover, the Ohio Supreme Court, in State v. Lamar,102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and State v.Gumm, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the ninety-day deadline for filing must be strictly enforced. In those cases the applicants argued that after the court of appeals decided their cases, their appellate counsels continued to represent them, and their appellate counsels could not be expected to raise their own incompetence. Although the supreme court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases the court ruled that the applicants could not ignore the ninety-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, imagination and ignorance of the law do not establish good cause for complying with this fundamental aspect of the rule. Thus, Moncrief's misplaced reliance on his appellate counsel and his ignorance of the law do not state good cause.
 {¶ 6} Accordingly, this application is properly dismissed as untimely.
Dyke, A.J., and Corrigan, J., concur.
[1] Moncrief pleaded guilty to an amended count of attempted rape and felonious assault.
[2] Appellate counsel is not deficient for failing to anticipate developments in the law or failing to argue such an issue. State v. Williams (1991), 74 Ohio App.3d 686,600 N.E.2d 298; State v. Columbo (Oct. 7, 1987), Cuyahoga App. No. 52715, reopening disallowed (Feb. 14, 1995), Motion No. 55657; State v.Munici (Nov. 30, 1987), Cuyahoga App. No 52579, reopening disallowed (Aug. 21, 1996), Motion No. 71268, at 11-12: "appellate counsel is not responsible for accurately predicting the development of the law in an area marked by conflicting holdings." State v. Harey (Nov. 10, 1997), Cuyahoga App. No. 71774, reopening disallowed (July 7, 1998), Motion No. 90859;State v. Sanders (Oct. 20, 1997), Cuyahoga App. No. 71382, reopening disallowed, (Aug. 25, 1998), Motion No. 90861; Statev. Bates (Nov. 20, 1997), Cuyahoga App. No. 71920, reopening disallowed (Aug. 19, 1998), Motion No. 91111; and State v.Whittaker (Dec. 22, 1997), Cuyahoga App. No. 71975, reopening disallowed, (July 28, 1998), Motion No. 92795.