JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1.
 {¶ 2} Defendant-appellant, Arthur Moncrief, appeals from the April 3, 2007 judgment of the Cuyahoga County Court of Common Pleas, denying his motion to vacate his sentence without a hearing. For the following reasons, we affirm. *Page 3 
 {¶ 3} This is Moncrief s second appeal in this case. See State v.Moncrief, 8th Dist. No. 85479, 2005-Ohio-4812 ("Moncrief I") for the factual and procedural background of this case.
 {¶ 4} Briefly, Moncrief entered a plea of guilty to attempted rape and felonious assault. In March 2004, the trial court sentenced Moncrief to seven years in prison on each count, to be served concurrently. The trial court also found Moncrief to be a sexually-oriented offender.
 {¶ 5} In Moncrief I, this court upheld Moncrief s conviction and sexually-oriented offender classification. Since then, this court has denied Moncrief s application to reopen his appeal and the Ohio Supreme Court has denied his motion for a delayed appeal. State v.Moncrief, 8th Dist. No. 85749, 2006-Ohio-5571; State v. Moncrief,110 Ohio St.3d 1462, 2006-Ohio-4288. Moncrief has also filed numerous pro se motions in the trial court, which were either withdrawn by him or denied by the trial court.
 {¶ 6} The motion relevant to this appeal is Moncriefs March 27, 2007 pleading titled, "Petition to vacate sentence in light of conviction is against the manifest weight of evidence. Crim. Rule 29." The trial court denied the petition and Moncrief appealed. He raises one assignment of error for our review:
 {¶ 7} "The trial court abused it's [sic] authority in not deleting the rape offense when the evidence did not support a conviction of rape." *Page 4 
 {¶ 8} Moncrief contends that the question before this court is to determine whether there was sufficient evidence to convict him of rape. He also appears to be arguing that his conviction was against the manifest weight of the evidence.
 {¶ 9} First, Moncrief was not convicted of rape, but he was convicted of attempted rape. Moreover, because Moncrief entered a plea of guilty, the state did not have to present any evidence. Moncrief I at _13-14.[1] Crim.R. 11(B)(1) provides that "a plea of guilty is a complete admission of the defendant's guilt." See State v. Stumpf
(1987), 32 Ohio St.3d 95, 104. Therefore, a defendant waives his right to challenge the sufficiency or weight of the evidence when he enters a guilty plea. State v. Hodge, 9th Dist. No. 01CA007913, 2002-Ohio-752, at _8; State v. Strickland (June 22, 1987), 12th Dist. No. CA86-08-053, 1987 Ohio App. LEXIS 7637, _8-10.
 {¶ 10} Finally, these questions are also barred by res judicata. A convicted defendant is precluded from raising any issue that was already raised or could have been raised in his or her direct appeal. State v.Szefcyk (1996), *Page 5 77 Ohio St.3d 93, 96, citing State v. Perry (1967), 10 Ohio St.2d 175. Moncrief essentially raises the same argument that he did in his first appeal. Even assuming that it is not the same, he does not raise anything new that was not in the record at the time of his direct appeal and thus, he could have raised it then.
 {¶ 11} Thus, Moncrief s sole assignment of error is overruled. Accordingly, we affirm the trial court's denial of Moncrief s petition to vacate sentence.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to
Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and SEAN C. GALLAGHER, J., CONCUR
[1] In his direct appeal, Moncrief argued that his attempted rape conviction was not supported by clear and convincing evidence because he denied committing the rape, which is essentially the same thing he is arguing here. This court stated: "Our review of the record indicates that Moncrief did not deny at the plea hearing that he committed the attempted rape. The denial occurred in his statement to the police. At the plea hearing, Moncrief pled guilty to attempted rape. By entering a plea of guilty, Moncrief admitted to the facts contained in the indictment, regardless of his prior statement to the police. `A guilty plea admits the facts set forth in the indictment, not the facts set forth at the plea hearing.' Therefore, evidence in support of his plea was not necessary." (Citations omitted.) Moncrief I at _14. *Page 1