[Cite as *Leonard v. Russo*, 2012-Ohio-2397.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98106**

## RICHARD LENARD

PETITIONER

vs.

## JUDGE JOHN J. RUSSO

RESPONDENT

**JUDGMENT:
WRIT DISMISSED**

Writ of Prohibition
Motion No. 453945
Order No.   454691

**RELEASE DATE:**   May 25, 2012

**FOR PETITIONER**

Richard Lenard
Inmate No. 570-627
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, Ohio    43724

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:    James E. Moss
            Assistant County Prosecutor
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

KENNETH A. ROCCO, J.:

{¶1} On March 16, 2012, the petitioner, Richard Lenard, commenced this prohibition action against the respondent, Judge John J. Russo, to compel the judge to vacate Lenard's conviction and sentence for violating a temporary protection order in the underlying case, *State v. Lenard,* Cuyahoga C.P. No. CR-508101. On April 5, 2012, the respondent judge moved to dismiss, and Lenard filed a brief in opposition on April 16, 2012. For the following reasons, this court grants the respondent's motion to dismiss.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} In the underlying case in early 2008, the grand jury indicted Lenard on one count of kidnapping in violation of R.C. 2905.01(A)(5), a first degree felony; one count of violation of a temporary protection order in violation of R.C. 2919.27 (A)(1), a third degree felony; one count of domestic violence in violation of R.C. 2919.25(A), a first degree misdemeanor; and one count of disrupting public service in violation of R.C. 2909.04(A)(1), a fourth degree felony. Pursuant to R.C. 2919.27(B)(4), if the offender violates a protection order while committing a felony offense, violating the protection order is a third degree felony. Otherwise, it is a first degree misdemeanor. The indictment for this offense includes the "furthermore clause" that "said violation occurred during the commission of a felony offense."

{¶3} Lenard, represented by counsel, and the state entered into a plea bargain. Lenard would plead guilty to the felony violation of a temporary protection order count as charged and the misdemeanor domestic violence charge, and the state would nolle the

felony kidnapping and disrupting public service charges. During the plea hearing the prosecutor in summarizing the agreement stated that the violation of the temporary protection order was a third degree felony that carried the possibility of incarceration from one to five years in yearly increments and a discretionary fine of up to $10,000. Defense counsel concurred with the prosecutor's summation and also stated that he had discussed the plea bargain with Lenard, including the possible sentences, and that he thought the plea would be knowingly, voluntarily, and intelligently made. (Tr. 3-4.)

{¶4} The respondent judge then fulfilled the requirements of Crim.R. 11. This included stating the violation of a temporary protection order is a third degree felony and carries the possible term of incarceration of one to five years and a $10,000 fine. When the judge asked if he understood the penalty, Lenard replied, "Yes." (Tr. 7.) After confirming with the lawyers that he had complied with the requirements of Crim.R. 11, the respondent judge asked Lenard how do you plead to Count 2 of the indictment a violation of a temporary protection order, a felony of the third degree, and Lenard replied, "Guilty." (Tr. Pg. 9.)[1]

## LEGAL ANALYSIS

{¶5} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at

---

[1]The judge initially imposed community control sanctions. When Lenard violated those sanctions, the judge imposed a prison term.

law.  *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989).

Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded,

even if the remedy was not used.   *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 417

N.E.2d 1382 (1981).   Prohibition will not lie unless it clearly appears that the court has

no jurisdiction of the cause that it is attempting to adjudicate or the court is about to

exceed its jurisdiction.   *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571

(1941), paragraph three of the syllabus.   "The writ will not issue to prevent an erroneous

judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in

deciding questions within its jurisdiction."   *State ex rel. Sparto v. Juvenile Court of*

*Darke Cty.,*   153 Ohio St. 64, 65, 90 N.E.2d 598 (1950).   Furthermore, it should be

used with great caution and not issue in a doubtful case.   *State ex rel. Merion v.*

*Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940); and

*Reiss v. Columbus Mun. Court*, 76 Ohio Law Abs. 141, 145 N.E.2d 447 (10th Dist.1956).

  Nevertheless, when a court is patently and unambiguously without jurisdiction to act

whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a

writ of prohibition.   *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245

(1988).   However, absent such a patent and unambiguous lack of jurisdiction, a court

having general jurisdiction of the subject matter of an action has authority to determine its

own jurisdiction.   A party challenging the court's jurisdiction has an adequate remedy at

law via an appeal from the court's holding that it has jurisdiction.   *State ex rel.*

*Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78

Ohio St.3d 489, 678 N.E.2d 1365 (1997). Moreover, the court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶6} Lenard argues that when the state nolled the two felony charges of kidnapping and disrupting public service, it nullified the requisite commission of a felony necessary to maintain violating a temporary protection order as a felony. Unless he was convicted of a felony, he could not be guilty of violating a protection order as a felony. It would have to be a misdemeanor. Lenard continues that because he was convicted of a felony when the necessary prerequisite was absent, the trial judge violated the statutory requirements and the conviction is void. Because the conviction is void, the trial judge exceeded his jurisdiction, and prohibition will lie to correct the results of prior jurisdictionally unauthorized actions. Thus, Lenard concludes that the entire conviction for violating a temporary protection order should be vacated.

{¶7} However, R.C. 2931.03 vests the common pleas court with original jurisdiction of all crimes and offenses. Thus, the respondent judge had basic statutory jurisdiction to determine the case; he was not patently and unambiguously without jurisdiction to adjudicate the case, even if there were errors or irregularities.

{¶8} Moreover, the court entertains doubt as to whether the conviction for violating a temporary protection order as a felony was either void or erroneous. A guilty plea admits the facts well pleaded in the indictment, and dispenses with the need of proving them. *State v. Craig*, 49 Ohio St. 415, 30 N.E. 1120 (1892); *State v. Greathouse*, 158

Ohio App.3d 135, 2004-Ohio-3402, 814 N.E.2d 502 (2d Dist.); and *State v. Moncrief*, 8th Dist. No. 85479, 2005-Ohio-4812. Thus, when Lenard pleaded guilty to violating the protection order as a third degree felony, he admitted that he violated the order during the commission of a felony, and the state did not need to prove that or have a predicate conviction. At the very least, given the procedural posture of the case, i.e., a guilty plea, the issue of whether a predicate conviction is necessary presents a possible error, properly reviewed on appeal, and not a lack of jurisdiction. Therefore, this court declines to issue the writ of prohibition because it has doubts about the validity of Lenard's argument and because he has or had an adequate remedy at law.

{¶9} Accordingly, this court grants the respondent judge's motion to dismiss. Petitioner to pay costs. This court directs the Clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶10} Complaint dismissed.


_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, SR., P.J., and
COLLEEN CONWAY COONEY, J., CONCUR