JOURNAL ENTRY and OPINION
{¶ 1} The state appeals the trial court's dismissal with prejudice of the one count indictment against appellee, Dominic Worwell ("Worwell"). On February 4, 2004, the state received notice from Northcoast Behavioral Healthcare ("Northcoast") that Worwell, who had previously been found incompetent and unrestorable on the charge of possession of drugs, would be discharged from the facility. The state chose to seek re-indictment of Worwell on one count of possession of drugs. A grand jury indicted Worwell on possession of drugs and the indictment was filed with the trial court on March 4, 2004. Worwell pled not guilty.
 {¶ 2} The trial court ordered Worwell back to Northcoast for restoration of competency, but Northcoast would not accept Worwell because he had not been found incompetent or unrestorable. The trial court then referred Worwell to the psychiatric clinic for evaluation of competence to stand trial; he was determined to be incompetent, and he was remanded to Northcoast once again for restoration of competency. In the meantime, Worwell filed a motion to dismiss the indictment, asserting that the state improperly re-indicted him, as he was not restored to competency when Northcoast gave the state notice that it was discharging him. The trial court denied Worwell's motion to dismiss.
 {¶ 3} Upon Northcoast's request, the trial court conducted a competency hearing. The state and Worwell's counsel stipulated to the doctor's findings and the trial court found as follows:
 {¶ 4} "The court finds the defendant incompetent to stand trial and unrestorable within the time frame specified by law. The court further finds the defendant a mentally ill person subject to involuntary hospitalization and the least restrictive treatment alternative consistent with the treatment needs of the defendant and safety of the community is [Northcoast]. Northcoast is ordered to file within 10 days an affidavit for further hospitalization in the probate court, once probate court takes jurisdiction, this case and criminal charges are dismissed with prejudice, not subject to re-indictment."
 {¶ 5} The state now appeals the trial court's dismissal with prejudice of Worwell's indictment, citing as its sole assignment of error, that the trial court abused its discretion when it dismissed with prejudice the indictment. The state's argument is well-taken.
 {¶ 6} R.C. 2945.38 provides in pertinent part as follows:
 {¶ 7} "(H) If a defendant is committed pursuant to division (B)(1) of this section, within ten days after the treating physician of the defendant or the examiner of the defendant who is employed or retained by the treating facility advises that there is not a substantial probability that the defendant will become capable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense even if the defendant is provided with a course of treatment, within ten days after the expiration of the maximum time for treatment as specified in division (C) of this section, within ten days after the expiration of the maximum time for continuing evaluation and treatment as specified in division (B)(1)(a) of this section, within thirty days after a defendant's request for a hearing that is made after six months of treatment, or within thirty days after being advised by the treating physician or examiner that the defendant is competent to stand trial, whichever is the earliest, the court shall conduct another hearing to determine if the defendant is competent to stand trial and shall do whichever of the following is applicable:
 {¶ 8} "* * *
 {¶ 9} "(4) If the court finds that the defendant is incompetent to stand trial, if the most serious offense with which the defendant is charged is a misdemeanor or a felony other than a felony listed in division (C)(1) of this section, and if the court finds that there is not a substantial probability that the defendant will become competent to stand trial even if the defendant is provided with a course of treatment, or if the maximum time for treatment relative to that offense as specified in division (C) of this section has expired, the court shall dismiss the indictment, information, or complaint against the defendant.A dismissal under this division is not a bar to further prosecution basedon the same conduct. The court shall discharge the defendant unless the court or prosecutor files an affidavit in probate court for civil commitment pursuant to Chapter 5122. or 5123. of the Revised Code. If an affidavit for civil commitment is filed, the court may detain the defendant for ten days pending civil commitment. All of the following provisions apply to persons charged with a misdemeanor or a felony other than a felony listed in division (C)(1) of this section who are committed by the probate court subsequent to the court's or prosecutor's filing of an affidavit for civil commitment under authority of this division:
 {¶ 10} "(a) The chief clinical officer of the hospital or facility, the managing officer of the institution, the director of the program, or the person to which the defendant is committed or admitted shall do all of the following:
 {¶ 11} "(i) Notify the prosecutor, in writing, of the discharge of the defendant, send the notice at least ten days prior to the discharge unless the discharge is by the probate court, and state in the notice the date on which the defendant will be discharged;
 {¶ 12} "(ii) Notify the prosecutor, in writing, when the defendant is absent without leave or is granted unsupervised, off-grounds movement, and send this notice promptly after the discovery of the absence without leave or prior to the granting of the unsupervised, off-grounds movement, whichever is applicable;
 {¶ 13} "(iii) Notify the prosecutor, in writing, of the change of the defendant's commitment or admission to voluntary status, send the notice promptly upon learning of the change to voluntary status, and state in the notice the date on which the defendant was committed or admitted on a voluntary status.
 {¶ 14} "(b) Upon receiving notice that the defendant will be granted unsupervised, off-grounds movement, the prosecutor either shall re-indict the defendant or promptly notify the court that the prosecutor does not intend to prosecute the charges against the defendant." (Emphasis added.)
 {¶ 15} Here, Northcoast complied with the notice requirements by sending a letter to the state, advising it of Worwell's inevitable discharge from the facility. The notice also provided, pursuant to statute, that the state was to notify Northcoast of its decision to either re-indict Worwell or that it does not intend to prosecute the charges against Worwell within ten days of the date of the letter. In response, the state sought re-indictment of Worwell.
 {¶ 16} Pursuant to R.C. 2945.38(H)(4), the trial court's dismissal of the indictment does not preclude further prosecution based on the same conduct. See State v. Davis (1983), 12 Ohio App.3d 84, 85,466 N.E.2d 572. Generally, a dismissal of the indictment is one without prejudice. The trial court's power to dismiss with prejudice an indictment only applies where it is apparent the "defendant has been denied a constitutional or statutory right, the violation of which would, in itself bar prosecution." State v. Dixon (1984), 14 Ohio App.3d 396,471 N.E.2d 864, at paragraph one of syllabus. The record here is devoid of any finding made by the trial court that Worwell was denied a constitutional or statutory right so as to require the indictment to be dismissed with prejudice. His incompetency to stand trial and unrestorability to competency within the time frame does not render the charges to be null and void. It was an abuse of discretion for the trial court to dismiss with prejudice the indictment of Worwell, as the state, in compliance with R.C. 2945.38(H)(4), is free to seek his re-indictment. Thus, the trial court's decision to dismiss the indictment with prejudice is modified to a dismissal without prejudice of the indictment.
Judgment affirmed as modified.
Costs assessed against defendant-appellee.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., concurs.
 McMonagle, J., concurs with separate opinion.
 CONCURRING OPINION