[Cite as *State v. Townsend*, 2011-Ohio-5248.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 94473**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALBERT J. TOWNSEND

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-531966
Application for Reopening
Motion No. 445585

**RELEASE DATE:**     October 11, 2011

**FOR APPELLANT**

Albert Townsend, Pro Se
Inmate No. 580463
Richland Correctional Inst.
P.O. Box 8107
Mansfield, Ohio 44901

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By:    Mary McGrath, Esq.
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

JAMES J. SWEENEY, J.:

**{¶ 1}**  Albert J. Townsend has filed an application for reopening pursuant to App.R. 26(B).  Townsend is attempting to reopen the appellate judgment, as rendered in *State v. Townsend*, Cuyahoga App. No. 94473, 2011-Ohio-86, which affirmed his conviction and sentence for the offenses of aggravated robbery, robbery, and having weapons while under disability.   We decline to reopen Townsend's appeal.

**{¶ 2}**  App.R. 26(B)(2)(b) requires that Townsend establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening.  The Supreme Court of Ohio,

with regard to the 90-day deadline as provided by App.R. 26(B)(2)(b), has firmly established that:

**{¶ 3}** "We now reject [the applicant's] claim that those excuses gave him good cause to miss the 90-day deadline in App.R. 26(B). The rule was amended to include the 90-day deadline more than seven months before [the applicant's] appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today. **Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.**

**{¶ 4}** **"Ohio and other states 'may erect reasonable procedural requirements for triggering the right to an adjudication,'** *Logan v. Zimmerman Brush Co.* **(1982), 455 U.S. 422, 437, 102 S.Ct 1148, 71 L.Ed 2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen.** [The applicant] could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * **The 90-day requirement   in the rule is 'applicable to all appellants,'** *State v. Winstead* **(1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he – unlike so many other Ohio criminal defendants – could not comply with that fundamental aspect of the rule."** (Emphasis

added.)   *State* v. *Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, at ¶7. See, also, *State v. LaMar,* 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970*; State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.

{¶ 5}   Herein, Townsend is attempting to reopen the appellate judgment that was journalized on January 13, 2011.   The application for reopening was not filed until June 24, 2011, more than 90 days after journalization of the appellate judgement in *State v. Townsend*, supra.   Townsend has failed to establish "a showing of good cause" for the untimely filing of his application for reopening.   *State v. Klein* (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481; *State v. Trammell* (July 24, 1995), Cuyahoga App. No. 67834,   reopening disallowed (Apr. 22, 1996), Motion No. 70493; *State v. Travis* (Apr. 5, 1990), Cuyahoga App. No. 56825,   reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317.   See, also, *State v. Gaston* (Jan. 1, 2007), Cuyahoga App. No. 79626; *State v. Torres*, Cuyahoga App. No. 86530, 2007-Ohio-9.

{¶ 6}   Accordingly, the application for reopening is denied.

---

JAMES J. SWEENEY, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR