[Cite as *State ex rel. Townsend v. Calabrese*, 2012-Ohio-1649.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97822**

---

## STATE OF OHIO, EX REL., ALBERT J. TOWNSEND

RELATOR

vs.

## HONORABLE DEENA R. CALABRESE

RESPONDENT

---

## JUDGMENT:
## WRIT DENIED

---

Writ of Prohibition
Motion No. 451767
Order No. 453861

**RELEASE DATE:** April 11, 2012

**FOR RELATOR**

Albert J. Townsend, pro se
Inmate No. 580-463
Richland Correctional Inst.
P.O. Box 8107
Mansfield, OH 44901


**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:    James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

COLLEEN CONWAY COONEY, J.:

**{¶1}** On January 11, 2012, the petitioner, Albert Townsend, commenced this prohibition action against the respondent, Judge Deena Calabrese, to compel the judge to vacate the convictions and sentences in the underlying case, *State v. Townsend*, Cuyahoga C.P. No. CR-531966. Townsend maintains that the respondent judge was without jurisdiction to try, convict, and sentence him in the underlying case because she had previously dismissed with prejudice two other criminal cases involving the same incident. On January 27, 2012, the respondent judge moved for summary judgment. On March 29, 2012, Townsend filed his opposition to the judge's dispositive motion. For the following reasons, this court grants the respondent's motion for summary judgment.

**{¶2}** In June 2008, the grand jury indicted Townsend for aggravated robbery, robbery, and having a weapon under disability in *State v. Townsend*, Cuyahoga C.P. No. CR-511874 ("Case I"). On April 27, 2009, the respondent judge dismissed the case with the following language: "Count(s) 1, 2, 3 is/are dismissed. Case called for trl. State ask for continuance - denied. Court notes; Case has been set for trl six times." (Spelling and punctuation as on docket entry.)

**{¶3}** On June 4, 2009, the grand jury re-indicted Townsend for the same offenses in *State v. Townsend,* Cuyahoga C.P. No. CR-524871 ("Case II"). The grand jury issued

another set of indictments for these offenses on December 10, 2009, in *State v. Townsend*, Cuyahoga C.P. No. CR-531966 ("Case III"). On December 14, 2009, the respondent judge in Case II issued the following journal entry: "Case is dismissed with prejudice. See File 531966."

{¶4} Subsequently, in Case III in December 2009, the court found Townsend guilty of aggravated robbery, robbery, both with one- and three-year firearm specifications, and having a weapon under disability and sentenced him to a total of 12 years. Townsend appealed and argued only that the judge erred by imposing consecutive sentences without findings and reasons under *Oregon v. Ice,* 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009); this court affirmed. *State v. Townsend,* 8th Dist. No. 94473, 2011-Ohio-86. Townsend filed an application for reopening under App.R. 26(B), but this court denied the application as untimely. *State v. Townsend*, 8th Dist. No. 94473, 2011-Ohio-86, reopening disallowed, 2011-Ohio-5248. Also in Case III, Townsend filed a motion to dismiss/discharge on September 9, 2011, and the trial court denied that motion. Townsend has appealed that decision. *State v. Townsend,* 8th Dist. No. 97544.

{¶5} In Case II on July 21, 2011, the trial judge issued the following order: "The following journal entry is issued nunc pro tunc as if and for the sentencing journal entry issued December 14, 2009, to correct a clerical error that resulted in Case Number CR-09-524871-A being dismissed with prejudice instead of without prejudice as

intended: Case dismissed without prejudice. See file CR-09-531966-A. It is so ordered." Then on January 25, 2012, the judge issued another nunc pro tunc entry:

> The journal entry issued on December 14, 2009 by this court contained a clerical error that resulted in Case Number CR-09-521871-A being dismissed with prejudice instead of without prejudice. Pursuant to Crim.R. 36 and under the authority of State v. Annable, 8th Dist. No. 94775, 2011-Ohio-2029, the journal entry issued on December 14, 2009 is corrected to read as follows:
>
> Case dismissed without prejudice. See file CR-09-531966-A,
>
> The journal entry issued by this court on July 21, 2011 is vacated.

{¶6} Townsend now argues that the writ of prohibition should issue to vacate the convictions and sentences in Case III because the judge had dismissed Case I and Case II with prejudice. He asserts that the dismissal in Case I was pursuant to speedy trial grounds and thus with prejudice. He further asserts that the respondent judge lacked the authority to issue the July 21, 2011 and January 25, 2012 nunc pro tunc orders. Nunc pro tunc orders may be used only to correct authentic clerical errors and not to effect what the judge intended to do or should have done; the original December 14, 2009 order was not a clerical error. Therefore, the subsequent entries are nullities. Townsend concludes that if Cases I and II were dismissed with prejudice, then the respondent judge had no jurisdiction to try, convict, and sentence him in Case III, because of the principles of double jeopardy and speedy trial.

{¶7} However, Townsend's arguments are ill-founded. The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is

sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 417 N.E.2d 1382 (1981).[1] Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.,* 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950).

{¶8} First, as to Case I, this court cannot conclude that the dismissal was with prejudice. In *State v. Brown*, 8th Dist. No. 84229, 2004-Ohio-5587, the victim, although subpoenaed, failed to appear three different times, and the trial court, over the

---

[1] Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988); and *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 668 N.E.2d 996 (8th Dist.1995). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997).

objection of the state, dismissed without indicating whether the dismissal was with or without prejudice and without stating that the defendant was denied a constitutional or statutory right. This court followed its precedents and ruled that without those necessary indicia such a dismissal is without prejudice. In the present case, the respondent judge did not specify that the dismissal was with prejudice and did not find that Townsend was denied a constitutional or statutory right. Accordingly, the dismissal was without prejudice and had no preclusive effect. *See also State v. Hunter*, 6th Dist. No. OT-11-006, 2012-Ohio-189. Moreover, the writ of prohibition is not the proper remedy for litigating issues related to speedy trial rights. *State ex rel. Jakim v. Ambrose*, 8th Dist. No. 90785, 2008-Ohio-45.

**{¶9}** As to the propriety of the nunc pro tunc orders, this court in *State v. Annable*, 8th Dist. No. 94775, 2011-Ohio-2029, ruled that a trial court may issue a nunc pro tunc order changing a dismissal with prejudice in a criminal case to a dismissal without prejudice if the new entry corrects a clerical error. Moreover, a re-indictment mentioned in the original order and an absence of a reason to dismiss with prejudice indicate that the original dismissal with prejudice was a clerical error. So too, in Townsend's case, the lack of a reason to dismiss and the reference to Case III, which immediately went to trial, shows that the dismissal with prejudice was a clerical error. *Annable* also shows that this issue is properly reviewed on appeal. Therefore, prohibition will not lie to nullify the nunc pro tunc orders or vacate Townsend's convictions because the respondent judge

had the authority to issue the order and try the case, and Townsend had an adequate remedy at law through appeal.

{¶10} Additionally:

> none of the five extraordinary writs, * * *, constitutes a proper avenue for an accused to test a trial court's ruling on the issue of double jeopardy. * * * there exists an adequate remedy in the ordinary course of a law to challenge an adverse ruling on the issue, to wit: an appeal to the court of appeals at the conclusion of the trial court proceedings. *Wenzel v. Enright*, 69 Ohio St.3d 63, 66, 623 N.E.2d 69 (1993). *See also State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 1997-Ohio-340, 686 N.E.2d 267.

Townsend had an adequate remedy at law to raise the issues of double jeopardy and speedy trial in his first appeal. This court also notes that in *State v. Townsend,* 8th Dist. No. 97544, Townsend is appealing a post-judgment motion to dismiss/discharge based on double jeopardy and the propriety of the nunc pro tunc order. Thus, prohibition will not lie because Townsend has or had an adequate remedy at law.

{¶11} Accordingly, this court grants the respondent judge's motion for summary judgment. Relator to pay costs. This court directs the Clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writ denied.

_____
COLLEEN CONWAY COONEY, JUDGE

MARY J. BOYLE, P.J., and
JAMES J. SWEENEY, J., CONCUR