[Cite as *State v. Townsend*, 2012-Ohio-3452.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97544**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALBERT J. TOWNSEND

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-531966

**BEFORE:** Stewart, P.J., Sweeney, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 2, 2012

**ATTORNEY FOR APPELLANT**

Richard A. Kray
1468 West 9th Street, Suite 425
Cleveland, OH    44113


**FOR APPELLANT**

Albert J. Townsend, Pro Se
Inmate No. 580-463
Richland Correctional Institution
1001 Olivesburg Road
P.O. Box 8107
Mansfield, OH    44901


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Mary McGrath
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11. 1, the record from the Cuyahoga County Court of Common Pleas, and the briefs and oral arguments of counsel. Defendant-appellant Albert Townsend appeals from the trial court's denial of his motion to dismiss and discharge. Finding no merit to appellant's arguments, we affirm.

{¶2} After he was convicted for aggravated robbery, robbery, and having weapons under disability and directly appealed, Townsend complains that the trial court erred in correcting the journal nunc pro tunc to reflect that a re-indictment had been dismissed without prejudice when it had been previously dismissed with prejudice. He argues that the trial court's original journal entry may have constituted mistake, omission, or inadvertence, but was not merely a clerical error capable of correction nunc pro tunc.

{¶3} In a companion appellate brief filed pro se, Townsend asserts that: (1) the indictment leading to his conviction was void because it had been previously dismissed with prejudice and his sentence and conviction was therefore unlawful and contrary to law; (2) his right to a speedy trial was violated; (3) he was subjected to double jeopardy; (4) the length of delay between his indictment and re-indictment was "presumptively prejudicial"; (5) his conviction was against the manifest weight of the evidence; (6) the evidence leading to his conviction was insufficient; (7) counsel was ineffective for failing

to object to the defective superseding indictment; and (8) the trial court erred in denying his motion.

{¶4} Townsend was originally indicted in June 2008. In April 2009, the trial court dismissed the action sua sponte and recorded the following entry in the journal: "Count(s) 1, 2, 3 is/are dismissed. Case called for trl. State ask [sic] for continuence [sic] – denied. Court notes; Case has been set for trl six times." In June 2009, Townsend was re-indicted and the charges arose from, and mirrored, the same set of facts contained in the first indictment. On December 10, 2009, the state filed a superseding indictment that was identical to the re-indictment but for the addition of the word "recklessly" added to count three, the charge of having weapons under disability.

{¶5} A bench trial commenced on the superseding indictment the morning of December 14, 2009, where Townsend's counsel waived any defects in the indictment. He stated:

> We would waive the reading of the indictment. My client understands that the indictment really only pertains to Count 3, having weapons under disability, the addition of the mens rea of recklessly. So we'd waive the reading, waive any notice or defects regarding the same * * *.

{¶6} An arraignment status form contained in the record also reflects that counsel waived reading of the indictment and any defects that it contained. That afternoon, the trial court made a journal entry in reference to the second indictment stating: "case is dismissed with prejudice."

{¶7} Townsend was subsequently found guilty of all charges. He appealed and challenged only the trial court's imposition of consecutive sentences. This court

affirmed the trial court's judgment. *See State v. Townsend*, 8th Dist. No. 94473, 2011-Ohio-86.

{¶8} In April 2011, Townsend filed a pro se motion "nunc pro tunc to dismiss the indictment" that resulted in his conviction. The trial court denied the motion a week later. In July 2011, the trial court issued an order to correct the journal entry relating to the second indictment, stating:

> The following journal entry is issued nunc pro tunc as if and for the sentencing journal entry issued December 14, 2009, to correct a clerical error that resulted in Case Number CR-09-524871-A being dismissed with prejudice instead of without prejudice as intended: Case dismissed without prejudice. See file CR-09-531966-A. It is so ordered.

{¶9} In September 2011, Townsend filed a "Motion to Dismiss/Discharge" that was denied. In November 2011, he appealed the denial of his motion: the subject of this appeal. While this appeal was pending, in January 2012, Townsend petitioned this court for a writ of prohibition to compel the trial court to vacate the convictions and sentences. The petition was denied. *See State ex rel. Townsend v. Calabrese,* 8th Dist. No. 97822, 2012-Ohio-1649.

{¶10} Townsend argues in this appeal that the trial court erred by denying his "Motion to Dismiss/Discharge" because the dismissal of the second indictment with prejudice rendered the succeeding indictment void. This argument is without merit.

{¶11} Initially, we note that there is no "limit as to the number of times that a criminal complaint can be filed, dismissed and refiled by the prosecution [and] * * * [t]he determination of how many is too many rests in the sound discretion of the trial court."

*Toledo v. Stanford*, 6th Dist. No. L-94-136, 1995 WL 803445, at *1 (Dec. 8, 1995). Furthermore, a superseding indictment is timely when filed while the earlier indictment is pending unless it broadens or substantially amends the charges made in the first indictment. *United States v. Schmick*, 904 F.2d 936, 940 (5th Cir.1990).

{¶12} As previously noted, Townsend's trial began the morning of December 14, 2009, on an indictment that was handed down on December 10, 2009. The second indictment Townsend complains of was dismissed after trial commenced. So regardless of whether the second indictment was dismissed with or without prejudice, the dismissal had no impact on the indictment upon which Townsend was tried.

{¶13} As a general rule, the dismissal of an indictment is without prejudice, *State v. Worwell,* 8th Dist. No. 86032, 2005-Ohio-6343, ¶ 16. However, a trial court "has the inherent power to dismiss with prejudice only where it is apparent that the defendant has been denied a constitutional or statutory right, the violation of which would, in itself, bar prosecution." *State v. Brown,* 8th Dist. No. 84229, 2004-Ohio-5587,¶ 6.

{¶14} There is no indication in the record that Townsend was denied any right, and it is clear that the trial court did not intend to bar prosecution, evident by the fact that Townsend's trial had commenced.

{¶15} Furthermore, although Townsend is appealing the trial court's denial of his postconviction motion to "Dismiss/Discharge," the issues he raises are those that could have been raised in his direct appeal. They are therefore barred as res judicata.

{¶16} Under the doctrine of res judicata,

a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

Postconviction relief is applicable only to errors based upon facts and evidence not contained in the record. Because errors and deficiencies found in an indictment are not outside the record, they can only be attacked on direct appeal. *State v. Turner*, 8th Dist. No. 91695, 2008-Ohio-6648, ¶ 8; *see also State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997) ("pursuant to res judicata, a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal").

{¶17} In the case at bar, the trial court entered a judgment of conviction on December 21, 2009 and Townsend appealed on January 6, 2010. In his direct appeal, Townsend argued only that the trial court erred when it did not provide findings in support of the imposition of consecutive sentences. He did not challenge the indictment generally or the journal entry specifically.[1] He is now barred by the doctrine of res judicata from raising any claim related to an alleged defective indictment. *See State v. Chism,* 7th Dist. No. 98 CA 121, 1999 WL 783957 ( Sept. 29, 1999) ("[t]he issue of the

[1]Townsend also asserts that the trial court's subsequent nunc pro tunc entry was prohibited because it modified an earlier judgment as opposed to correcting a clerical error. However, in light of our resolution of this case, we need not address this argument.

voidness of the indictment could have or should have been raised at trial or upon direct appeal from appellant's conviction").

{¶18} Townsend's remaining assignments of error raised in his pro se brief address either issues outside the scope of his "Motion to Dismiss/Discharge" or raise issues that could have been raised in his direct appeal and are barred. They are therefore overruled.

{¶19} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MELODY J. STEWART, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
SEAN C. GALLAGHER, J., CONCUR