[Cite as *State v. Williams*, 2015-Ohio-371.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| DAVID WILLIAMS | : | Case No. 14-CA-67 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:                 Appeal from the Court of Common
                                                                     Pleas, Case No. 13CR523



JUDGMENT:                                               Affirmed



DATE OF JUDGMENT:                               January 30, 2015



APPEARANCES:

For Plaintiff-Appellee                                 For Defendant-Appellant

PAULA M. SAWYERS                             DANIEL J. SABOL
20 South Second Street                         580 East Rich Street
Fourth Floor                                             Columbus, OH  43215
Newark, OH  43055

*Farmer, J.*

{¶1} On September 12, 2013, the Licking County Grand Jury indicted appellant, David Williams, on one count of gross sexual imposition in violation of R.C. 2907.05 and one count of sexual imposition in violation of R.C. 2907.06.

{¶2} On December 16, 2013, the trial court dismissed the indictment at the state's request. The entry stated the dismissal was "with prejudice."

{¶3} On May 9, 2014, the state refiled the indictment (Case No. 14CR363). On July 1, 2014, the state filed a motion for nunc pro tunc order of the December 16, 2013 entry to reflect a dismissal "without prejudice." The requested nunc pro tunc order was filed on July 3, 2014.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶5} "THE TRIAL COURT ERRED IN VACATING THE DISMISSAL WITH PREJUDICE WITH A NUNC PRO TUNC ENTRY WHEN NO CLERICAL ERROR EXISTED."

I

{¶6} Appellant claims the trial court erred in issuing a nunc pro tunc order correcting the December 16, 2013 dismissal "with prejudice" to a dismissal "without prejudice." We disagree.

{¶7} Crim.R. 36 governs clerical mistakes and states: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

{¶8} Crim.R. 48 governs dismissal. Subsection (A) states: "The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate."

{¶9} On December 16, 2013, the state filed a motion to dismiss the indictment, citing the following reason:

> The Defendant in this case was indicted on September 12, 2013, in case no. 13CR523 on ct. 1, Gross Sexual Imposition, a felony of the 3rd degree; and ct. 2, Sexual Imposition, a misdemeanor of the 3rd degree. The State of Ohio is moving to dismiss at this time, in order to collect additional evidence. The State of Ohio will re-indict the case once that additional evidence is available.

{¶10} The state prepared the dismissal entry for the trial court which included the language "dismissed with prejudice." Appellee's Brief at 1, 4. The entry was signed by the trial court and filed on December 16, 2013. No appeal was taken from this dismissal entry.

{¶11} The indictment was refiled on May 9, 2014 (Case No. 14CR363). On July 1, 2014, the state filed a motion for nunc pro tunc order of the December 16, 2013 entry to reflect a dismissal "without prejudice." The requested nunc pro tunc order was filed on July 3, 2014, based upon Crim.R. 36, cited above.

{¶12} We concur with the following two opinions issued by our brethren from the Eighth District.

{¶13} In *State v. Annable,* 194 Ohio App.3d 336, 2011-Ohio-2029 (8th Dist.), the trial court had dismissed the case "with prejudice" and some six months later, corrected the entry to read "without prejudice." The *Annable* court stated the following at ¶ 22-24:

This record evidences that the trial court's original judgments dismissing the two prior cases contained a clerical error, that is, dismissal with prejudice. A new case could not have been filed, as the judgments stated one was, if the dismissals were with prejudice. Moreover, in order to dismiss a case with prejudice, a trial court must find a deprivation of a defendant's constitutional or statutory rights. *State v. Worwell,* Cuyahoga App. No. 86032, 2005-Ohio-6343, 2005 WL 3219726, ¶ 16. There was no such finding in either of the two prior cases, further evidencing that the original dismissals with prejudice were clerical errors.

A clerical mistake is a mistake or omission, mechanical in nature and apparent on the record, that does not involve a legal decision or judgment. *State v. Patrick,* Cuyahoga App. No. 89214, 2007-Ohio-6847, 2007 WL 4443398, ¶ 20. A court may, at any time, correct clerical mistakes arising from oversight or omission. *State v. Walton,* Cuyahoga App. No. 87347, 2006-Ohio-4771, 2006 WL 2627542, ¶ 8.

On this record, Annable's double-jeopardy rights were not violated; the prior cases were dismissed without prejudice, and the nunc pro tunc entries stating so were proper.

{¶14} In *State ex rel. Townsend v. Calabrese,* 8th Dist. Cuyahoga No. 97822, 2012-Ohio-1649, the trial court had issued a "nunc pro tunc" order to correct a dismissal "with prejudice" to a dismissal "without prejudice." The *Townsend* court dismissed a writ of prohibition, citing at ¶ 9 to the holding in *Annable,* that a nunc pro tunc order can correct a dismissal "with prejudice" to one "without prejudice":

> As to the propriety of the nunc pro tunc orders, this court in *State v. Annable,* 8th Dist. No. 94775, 2011-Ohio-2029, ruled that a trial court may issue a nunc pro tunc order changing a dismissal with prejudice in a criminal case to a dismissal without prejudice if the new entry corrects a clerical error. Moreover, a re-indictment mentioned in the original order and an absence of a reason to dismiss with prejudice indicate that the original dismissal with prejudice was a clerical error. So too, in Townsend's case, the lack of a reason to dismiss and the reference to Case III, which immediately went to trial, shows that the dismissal with prejudice was a clerical error. *Annable* also shows that this issue is properly reviewed on appeal. Therefore, prohibition will not lie to nullify the nunc pro tunc orders or vacate Townsend's convictions because the respondent judge had the authority to issue the order and try the case, and Townsend had an adequate remedy at law through appeal.

{¶15} The *Annable* case was appealed to the Supreme Court of Ohio wherein the case was not accepted for review. *State v.Annable,* 129 Ohio St.3d 1504, 2011-

Ohio-5358. The *Townsend* case was not appealed. A subsequent postconviction petition filed by Townsend on the same issue was denied and the denial was affirmed on appeal. *State v. Townsend,* 8th Dist. Cuyahoga No. 97544, 2012-Ohio-3452. An appeal to the Supreme Court of Ohio was not accepted for review. *State v. Townsend,* 134 Ohio St.3d 1418, 2013-Ohio-158.

{¶16} Upon review, we find the trial court did not err in correcting an obvious mistake with the nunc pro tunc order made pursuant to Crim.R. 36.

{¶17} The sole assignment of error is denied.

{¶18} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.

SGF/sg 116